CHARLES E. DOLAN v. STATE OF NEBRASKA.

44 643
47 297

FILED APRIL 5, 1895.   No. 6913.

Instructions in Criminal Cases: DUTY OF COURT.   It is the duty of the trial court, particularly in criminal prosecutions, whether so requested or not, to present the issues to the jury by instructions, and a charge which, by the omission of certain elements, has the effect of withdrawing from the consideration of the jury an essential issue of the case is erroneous.  (*Carleton v. State*, 43 Neb., 373.)

ERROR to the district court for Lancaster county.   Tried below before TIBBETS, J.

*John P. Maule* and *Charles A. Robbins*, for plaintiff in error:

The court erred in not instructing the jury that under

the information the prisoner could be convicted of assault and battery. (*Thurman v. State,* 32 Neb., 224; *Penderson v. State,* 21 Tex. App., 485.)

*A. S. Churchill, Attorney General,* and *F. W. Collins,* for the state.

Post, J.

This was a prosecution in the district court for Lancaster county on an information charging the crime of assault with intent to murder. A verdict was returned finding the accused guilty as charged, and a motion for a new trial having been overruled, he was sentenced to a term in the penitentiary, which he seeks to reverse by means of this proceeding.

The only assignment which we shall notice is that the charge of the court excluded from the consideration of the jury the question of the defendant's guilt of a lower grade of assault, and required them to convict, if at all, of the crime charged. The instruction to which exception is taken is as follows:

"The assault by the defendant upon the person of Albert Eisler at the time and place alleged in the information is not denied, but it is contended by the defendant that at the time of the assault he was under the influence of liquor and acted irresponsibly. Upon this point you are instructed that drunkenness is no excuse for the commission of a crime. You should consider, however, the testimony upon this point in determining whether or not one of the elements necessary to constitute the crime existed, and that element is the intent of the defendant to kill Albert Eisler at the time of making the assault. If at the time of making the assault the defendant was under the influence of liquor, and to such an extent that he was unable to distinguish between right and wrong, and committed the act without any defined purpose to kill, he would not be guilty

as charged.    If, however, the defendant, at the time of the
assault, was able to distinguish between right and wrong,
and able to form a definite purpose in his mind to kill
Albert Eisler, then the defendant is responsible for his act.
In determining this question, if the evidence raises any
doubt in your minds as to the formation of such intent by
the defendant at the time of the assault, he is entitled to
the benefit of the doubt and should be acquitted."

The only reference which need be made to the defend-
ant's evidence is that it tended strongly to prove that he
was at the time of the alleged assault (by shooting with a
revolver) intoxicated, so drunk, in fact, that he was not
conscious of the act of shooting, and incapable of enter-
taining the specific intent essential to the crime of murder
had death ensued as the result of the act charged.    Whether
the jury should have credited such evidence is not for us
to say.    It is sufficient that he was entitled to have it con-
sidered under proper instructions by the court.    In *Volmer
v. State*, 24 Neb., 838, a case quite similar, so far as the
question at issue is concerned, to the one at bar, the failure
to advise the jury that they might convict of the lower
grade of offense (manslaughter) was held reversible error.
But it is argued by the state that the instruction is a cor-
rect statement of the proposition therein contained, and if
the accused desired a direction on the subject of assault
with intent to inflict great bodily injury, assault and bat-
tery, or a simple assault, he should have made such request
at the trial.    The information included a charge of the
lower degrees of assault, as well as assault with intent to
murder (2 Bishop, Criminal Procedure, 63), and it was the
right of the accused to have all of the issues properly sub-
mitted to the jury.    We had occasion recently in the case
of *Carleton v. State*, 43 Neb., 373, to examine the subject
with care, and the conclusion therein announced is that it
is the duty of the trial court to properly present the issues
to the jury, and a charge as a whole which, by the omis-

sion of certain elements, has the effect of withdrawing from the consideration of the jury essential issues is erroneous.    In *State v. Vinsant*, 49 Ia., 241, which was a prose-ecution for rape, the court say : "Whoever is charged with rape is charged with all. that constitutes it, and one of the elements of rape is an assault," and the judgment was reversed because the jury were not directed to find the accused guilty of a simple assault in case the evidence warranted such a verdict. (See, also, *Commonwealth v. Drum*, 19 Pick. [Mass.], 480.)    And in a note to section 2494, 2 Thompson, Trials, it is said that the court ought not so to instruct the jury as to take from them the right of determining the grade of the crime of which the accused stands charged, citing, in addition to the cases referred to, *Adams v. State*, 29 O. St., 412, and *Shaffner v. Commonwealth*, 72 Pa. St., 60.    It is true that the exception includes several other paragraphs of the charge which are admitted to be correct; but the foregoing instruction, which is the only one having any bearing upon the subject, is set out not for the purpose of criticism, but in order to demonstrate that the issue of the defendant's guilt of the lesser grades of assault was not in fact submitted to the jury.    For reasons stated the judgment is reversed and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.