F. A. PJARROU v. STATE OF NEBRASKA.

FILED MARCH 3, 1896.   No. 8212.

1. **Robbery:** CONVICTION.   Evidence examined, and *held* suffi-
cient to support the verdict.

2. **Criminal Law:** DUTY OF COURT TO INSTRUCT.   It is the duty
of the trial judge, particularly in criminal actions, to in-
struct the jury as to the rules of law governing the dispo-
sition of the cause, whether he is requested to do so or
not, and if a charge to a jury, by omission to instruct on
certain points, in effect withdraws from the consideration
of the jury an essential issue of the case, it is erroneous.
(*Dolan v. State,* 44 Neb., 643.)

3. ———: ———: HARMLESS ERROR.   Where there is such an
omission to instruct, but it is clear that the jury have
formed the right conclusion and no prejudice has resulted
from the omission, it is not error which calls for a reversal
of the judgment.

4. **Robbery:** INSTRUCTIONS: EVIDENCE.   An instruction in this,

a prosecution for the crime of robbery, was objected to by counsel on the ground that the instruction was erroneous, in that it submitted to the jury the question of whether the accused, "either alone or in company with others," committed the acts alleged in the complaint, for the reason that there was no evidence that the defendant acted alone at any time or without the co-operation of others in the matters charged, *held*, that the testimony sustained the instruction given, in the particular indicated by the objection.

5. Instructions: FAILURE TO REQUEST: WAIVER OF ERROR. Where it is urged as error that a designated instruction was not sufficiently explicit in its statement of the law applicable to a certain portion of the issues in the case, and it appears that no instruction was prepared by the complaining party and requested to be given in an effort to correct the alleged error, the objection cannot be sustained.

ERROR to the district court for Douglas county. Tried below before SCOTT, J.

*Pratt & Walkup*, for plaintiff in error.

*A. S. Churchill, Attorney General*, and *George A. Day, Deputy Attorney General*, contra.

HARRISON, J.

October 10, 1895, there was filed in the district court of Douglas county an information in which Patrick Ford, Jr., James Gallagher, and the plaintiff in error were jointly charged with the commission of the crime of robbery in said county on September 24, 1895. Plaintiff in error was given a separate trial, convicted, and, after motion for new trial was heard and overruled, was sentenced to serve a term of three years in the penitentiary.

The first alleged error to which our attention is directed by the brief filed by counsel for plaintiff

in error refers to the fourth instruction given by
the court on its own motion, and which was as fol-
lows: "If the state has proven beyond a reason-
able doubt that defendant, either alone or in com-
pany with others, at and within the county of
Douglas and state of Nebraska, and at any time
within three years prior to the commencement of
this prosecution, forcibly and by violence, or by
putting in fear, unlawfully and feloniously made
an assault upon the said August Volter, and that
he alone, or with others, did then and there take
from the person of the said August Volter money
of some value with the intent to rob said August
Volter, or steal said money, you should convict
the defendant." It is claimed that by this instruc-
tion the jury were told that they could find the
plaintiff in error guilty of robbery, or if not, must
acquit him. In this connection attention is chal-
lenged to the failure of the trial court to define
the crimes of larceny from the person, or assault,
or any of the lesser crimes included in the crime
charged in the information, and it is strenuously
urged that the effect of giving the fourth instruc-
tion, and the failure to further instruct the jury,
to which reference has just been made, combined,
was to withdraw from the consideration of the
jury the lesser crimes of which he might have
been determined guilty. That it was not alone a
failure to instruct in regard to the essential issues
of the case or a non-direction, but amounted to
more, practically to a misdirection. The informa-
tion charged, as was necessary according to the
definition of the crime of robbery contained in our
Criminal Code, (1) the taking of the money; (2) that
it was from the person of the party alleged to have
been robbed; (3) with a felonious intent; (4) by

force or by putting in fear; and this charge, it is clear, included the lesser. crimes of larceny,—assault with intent to commit a robbery, or a simple assault. By the plea of not guilty the charge of the information was traversed and put in issue in all its constituent elements, and to the extent that the lesser crimes were included and entered into the charge of the greater they became the subjects in the case for necessary and strict proof. The fourth instruction, the objection to which we are now considering, was, in and of itself, a fair and sufficient statement of the general rule of law applicable to the charge of the crime of robbery, and the proof necessary to be produced to warrant a conviction of such crime, and was proper in the case at bar, or; at least, was not open to this objection. There is another urged which we will notice in its order. The instructions examined and held vicious, in the opinions in several of the cases cited by plaintiff in error to sustain this contention in particular, each contained a further statement than did the one here, to the effect that if the jury did not reach the conclusion indicated by the instruction, the defendant in the case should, by the verdict, be declared not guilty, thereby precluding the consideration of the guilt or innocence of the party as to any except the direct crime charged. Such was the instruction in *State v. Vinsant*, 49 Ia., 241; also in *Beaudien v. State*, 8 O. St., 636, *Vollmer v. State*, 24 Neb., 839, and *Dolan v. State*, 44 Neb., 643.

There were no instructions given in which the lesser crimes were defined or submitted to the consideration of the jury, and allowing the return of a verdict of guilty of either of such lesser crimes, if the evidence warranted it, and did not

convict of the principal one stated in the informa-
tion. There were no instructions prepared on any
of these points by counsel for plaintiff in error and
presented to the trial court with a request that
they be read to the jury. If we view the failure
of the court to instruct the jury in respect to the
lesser crimes as a mere non-direction, then it may
be said: "Mere non-direction by the trial court is
not sufficient grounds for reversal on appeal, un-
less proper instructions have been asked and re-
fused. That rule rests upon the soundest reasons
and applies to criminal prosecutions as well as
civil cases. (*Jones v. State*, 26 O. St., 208; *Sioux
City & Pacific R. Co. v. Finlayson*, 16 Neb., 578;
Thompson, Trials, 2339 *et seq.*)" (*Hill v. State*, 42
Neb., 503.) But if we look upon such action as
more than a non-direction, as, in effect, a with-
drawal of such matters from the consideration of
the jury and a practical denial of the right to
determine the grade of the crime committed, if
any, then it may be said to amount to a misdirec-
tion, not actively or by commission, but by omis-
sion, and if by it essential issues of the case were
withdrawn from the consideration of the jury, it
may be reversible error. (*Carleton v. State*, 43 Neb.,
373; *Dolan v. State*, 44 Neb., 643; *Metz v. State*, 46
Neb., 547; *Stevens v. State*, 19 Neb., 647.)

The defenses made in the case at bar were the
general issue and the affirmative one, an *alibi*, that
the plaintiff in error was not at the place of com-
mission of the alleged crime at the time it was
stated in the information to have occurred, but
was then at another or different place. The plea
of the general issue raised for determination the
question of the guilt or innocence of plaintiff in
error of the principal crime charged, or of the

lesser ones included within such charge, and the jury should have been instructed in relation to the lesser crimes; and this notwithstanding no request for such action was proffered in behalf of plaintiff in error; but, from a full and careful review of all the evidence, we are satisfied that the jury reached a correct conclusion without such instructions, and that the plaintiff in error was not prejudiced by the failure of the trial court to instruct the jury in the particulars indicated in the objection now under consideration. This being true, it was error without prejudice and not cause for a reversal of the judgment and awarding a new trial. (*Sandwich Mfg. Co. v. Shiley*, 15 Neb., 109; *Loew v. State*, 60 Wis., 559; *York Park Building Association v. Barnes*, 39 Neb., 834; *Head v. State*, 44 Miss., 731.)

It is further urged that there is error in the fourth instruction, containing the words "defendant, either alone or in company with others," referring to the committal of the acts alleged to have constituted the robbery; that there is no evidence that he, or any of the parties informed against, acted at any time alone or without the co-operation of others. This is wrong. There is testimony, in regard to the plaintiff in error, fully warranting the submission of the question of the plaintiff in error's having committed the crime charged, alone, or in connection with his co-defendants. The determination of this question also disposes of the objection urged against instruction numbered 5.

It is contended that No. 8 of the instructions, which was in regard to the defense of an *alibi*, interposed for plaintiff in error, was vague and not a plain and explicit statement of the law gov-

erning such defense. This instruction, while it might have been so worded and framed as to make the meaning clearer and given it better expression, we think conveyed the correct sense of the rule embodied therein so clearly that no prejudice could have resulted to the rights of plaintiff in error from any possible obscurity or ambiguity in its terms. If a more explicit instruction was desired, it should have been requested. (2 Thompson, Trials, sec. 2341.)

It is urged that the evidence was insufficient to sustain the verdict. We have carefully weighed all the evidence and need not quote from or summarize it here. From our examination we are convinced of its sufficiency to support the verdict rendered. The judgment of the district court is

AFFIRMED.