PHILIP C. SCHROEDER, APPELLANT, v. LODGE No. 188, INDEPENDENT ORDER OF ODD FELLOWS, ET AL., APPELLEES.

FILED DECEMBER 18, 1912.    No. 16,838.

1. **Trial: INSTRUCTIONS: ISSUES: SUBMISSION OF PLEADINGS TO JURY.** It is the duty of the court to fairly and fully state the issues to the jury; and, when it has done so, there is no necessity, nor is it a commendable practice, to permit the jury to take the plead-

ings with them to the jury room; but the action of the court in doing so is not sufficient ground for a reversal of the judgment, where it appears that such action was not prejudicial to the party complaining thereof.

2. ――――: ――――: FAILURE TO REQUEST. "Before error can be predicated upon the failure of the court to present a particular feature of a case to the jury, the party complaining should, by an appropriate instruction, request the court to charge upon that feature." German Nat. Bank v. Leonard, 40 Neb. 676.

3. ――――: ――――: REPETITION. While frequent repetition of a proposition in the instructions of the court should be avoided, and in some cases may constitute prejudicial error, it will not be so held where it appears that the party complaining was not prejudiced thereby.

4. Negligence: ACTION: CONSTRUCTION OF WALL. One who constructs a wall so that if it falls it will fall upon and injure the adjoining premises is bound to so construct it that it will withstand any gales which, from past experience, are reasonably to be expected in that locality.

5. Evidence examined, but on account of its voluminous character not set out, and held sufficient to sustain the verdict of the jury.

APPEAL from the district court for Phelps county: HARRY S. DUNGAN, JUDGE. Affirmed.

W. S. Morlan and James I. Rhea, for appellant.

W. D. Oldham and G. Norberg, contra.

FAWCETT, J.

Plaintiff brought this action in the district court for Phelps county, to recover damages to his store building and merchandise, occasioned by the falling of a brick wall of a building, being constructed by defendants, adjoining his building on the north. There was a verdict and judgment for defendants, and plaintiff appeals.

This action was brought against the lodge, its building committee, the independent contractor, and the contractor's bondsmen. The amended petition alleges that the building was erected in an unskilful and negligent man-

ner; that the wall of the building was carelessly and negligently built so that it overtopped plaintiff's building 12 feet; that it was allowed to remain in a green and immature condition, without properly bracing or staying the same, without joists, anchors or stays, and was permitted to remain unsupported so that it was liable to be blown down, and that, as a result thereof, it was blown down upon plaintiff's building, causing damage to plaintiff in the sum of $3,000; that the falling of the wall was caused by a severe wind upon January 28, 1909. Upon the trial all of the defendants were released by the instructions of the court except the contractor, defendant Anderson. As to him the case was submitted to the jury. No error is urged here by reason of the release of the other defendants, and the case will therefore be considered only as to defendant Anderson, who will be hereinafter referred to as the defendant.

The answer of the defendant admits that, at the time of the injury complained of, he was engaged in the erection of the brick building referred to in plaintiff's petition, and alleges that, "at the time of the injury complained of in plaintiff's amended petition, there was an unprecedented wind-storm or hurricane that swept over the village of Bertrand and the adjacent country; that all of the injury alleged to plaintiff's property by reason of the wall in process of construction by this defendant was occasioned by the act of God, and not by any negligence or default on the part of this defendant;" alleges, further, that the building was being constructed in a good, workmanlike manner; that the walls were well braced and anchored; and that every reasonable precaution was exercised by defendant to construct the building in a good, workmanlike manner; and denies all other allegations in the amended petition. The reply was a general denial. Plaintiff argues five assignments of error, which we will consider in their order.

1. "It is the duty of the trial court to state to the jury the issues on which they are to find. Reference to the

pleadings, instead of a statement of the issues directly, is good ground for reversal." This assignment would imply that the court in its instructions did not state the issues to the jury, but referred them to the pleadings for such issues. The fact is, the court in its statement of the case set out the allegations of the pleadings quite fully; if anything, more so than was necessary; and then added: "You will be permitted, gentlemen of the jury, to take the pleadings with you to your jury room, wherein the contentions of the parties are fully set forth, namely, the amended petition, the separate answers of the defendant Anderson, and the reply of the plaintiff, to which you may refer for a more complete statement of the issues." We think it would have been better if the court had not done this, but doing so could not have worked any prejudice to the plaintiff, for the reason that, so far as the issues between plaintiff and defendant Anderson were concerned, the pleadings would not show anything more or less than was included in the statement of the issues by the court. This assignment, therefore, is without merit.

2. "Where, in an action for damages caused by a falling wall, the answer admits that the wall fell, and sets up an act of God as a defense, the burden of proof is on the defendant." It is argued that the statement in the answer, "that all of the injury alleged to plaintiff's property by reason of the wall in process of construction by this defendant was occasioned by the act of God," is an admission that the wall fell and that plaintiff's property was injured thereby, and is an attempt to avoid liability by pleading an act of God; that this issue makes out a *prima facie* case against the defendant, and that therefore the burden of proof was upon the defendant to establish his defense that the injury was caused by an act of God. It is further argued that instruction No. 2 and, to some extent, instruction No. 4 "are so worded as to lead the jury to believe that under the pleadings there was nothing for the defendants to do. The whole burden of proof is on the plaintiff. They entirely ignore the fact that the admissions of Ander-

son's answer make out a *prima facie* case for the plaintiff. In other words, these instructions, at the start, give the jury to understand that there is a presumption that the wind was an act of God, and that the burden was on the plaintiff to prove that the wind was not an act of God, and that the wall fell because of defendants' negligence." While we agree with plaintiff's contention that, where the act of God is pleaded as a defense, the burden is upon the defendant to establish his plea (*City of McCook v. McAdams*, 76 Neb. 11), we cannot concur in his construction of instruction No. 2. That instruction is the one ordinarily given. It reads as follows: "The court instructs you, gentlemen of the jury, that the burden of proof in this case is upon the plaintiff, and before he would be entitled to recover he must establish by a preponderance of the evidence the truth of every material allegation in his amended petition, not admitted by the defendants, which material allegations are: (1) That the walls of the Odd Fellows' building fell as a result of the negligence and carelessness of the defendant contractor, Magnus Anderson; (2) that plaintiff's property was damaged by reason of the falling of the walls of said building; and (3) the amount of said damage." It will be seen that this instruction is directed solely to the plaintiff's petition, and tells the jury what the plaintiff must establish, in the first instance, in order to entitle him to recover. In that respect the instruction is correct. Instruction No. 4 simply told the jury that "the burden is upon the plaintiff, and it is for him to prove every material allegation of his petition by a preponderance of the evidence. If, upon any one or more of the material allegations of the plaintiff's petition, the evidence is evenly balanced, or if it preponderates in favor of the defendant, then the plaintiff cannot recover, and the jury should find for the defendant." This instruction also applied to the case in chief by the plaintiff, and is correct.

After having instructed the jury as to the allegations contained in plaintiff's petition, and what it was necessary

for the plaintiff to prove in support thereof, the instructions take up defendant's answer, when we have the following: "Instruction No. 10. The court instructs the jury that the defendant Magnus Anderson has pleaded as a defense, in this cause of action, that the walls of the building in controversy were in process of erection by him at the time of the injury complained of by the plaintiff; that he was erecting the building in a good and workmanlike manner, and had placed the proper protection and braces around and against the walls to protect them against falling down from any condition of the elements that might reasonably have been anticipated at the time and place at which the building was being constructed, and that the injury, if any which the plaintiff received, was occasioned by an unexpected wind-storm of unprecedented velocity in the vicinity in which the building was being constructed, and the injury to the plaintiff was occasioned by the act of God, and not by any negligent act on the part of the defendant Magnus Anderson." This was a correct statement of the defense as pleaded by defendant.

Then followed instruction No. 11: "The court instructs you that by the defense which is styled in legal terms 'the act of God' is meant some inevitable accident which cannot be prevented by human skill and foresight, but results solely from natural causes, such as cyclones, earthquakes, tempests, floods or inundations, and if you believe from the evidence that the injury to the plaintiff was occasioned solely by the wind-storm of unexpected and unprecedented violence, and not by any negligent act of the defendant in the construction of the building, then your verdict should be for the defendant." The only objection which could be urged to instruction No. 11 is that it does not in express terms say that "the burden is upon the defendant" to prove the facts which the jury are therein told they must find in order to warrant their returning a verdict for the defendant. The most that can be said, therefore, is that the instruction is not sufficiently explicit. If the plaintiff desired a more explicit statement, he should have brought

the matter to the attention of the court by a request for an instruction that would be satisfactory to him. Not having done so, this assignment must fail. *Burlington & M. R. R. Co. v. Schluntz,* 14 Neb. 421; *German Nat. Bank v. Leonard,* 40 Neb. 676.

3. "The frequent repetition of a proposition in the instructions of the court gives the same undue prominence, and is therefore error." This assignment is based upon instruction No. 14, given by the court on its own motion, and instructions 10, 11 and 12, given at the request of defendant. The contention is that the court in all four of those instructions told the jury that the defendant was not liable if they found the injury to the plaintiff's building resulted from an extraordinary wind-storm, and not from the negligence of the defendant. As the court had covered that proposition quite fully in its instruction No. 14, it really was not necessary for it to have given the three instructions requested by defendant; but we are unable to see how the plaintiff was prejudiced by the court's giving prominence to the fact that, in order to exonerate the defendant, the jury would have to find that the injury to plaintiff's building resulted from an extraordinary windstorm, and not from the negligence of the defendant. Had the court given all four of those instructions upon its own motion and plaintiff had recovered a verdict, we can understand how defendant might have felt aggrieved at such repetitions; but they certainly could not have operated to plaintiff's prejudice.

4. "It is the duty of a person building a brick wall close to the premises of another to so construct the same that it will withstand all gales which are reasonably to be expected in that locality. A wall which will merely withstand ordinary storms is not sufficient." Upon this point, plaintiff complains of the action of the court in giving instruction No. 12, requested by defendant, and refusing instruction No. 4, requested by plaintiff. The objection to No. 12 is based upon this language in the instruction: "The court instructs the jury that, in the construction of

the walls in controversy, the defendant Anderson, as contractor and builder of said wall, would be liable to the plaintiff for injury occasioned to his property by the negligent construction of the walls or the failure of the defendant to properly guard and brace said walls against any ordinary storm or wind that may have reasonably been expected to have occurred at the time and place at which the building was constructed." If this language stood alone in the instruction, plaintiff might have cause for complaint; but it is followed by the following, separated only by a comma from what we have already quoted: "And the defendant Anderson would be liable for all consequence connected with the construction of the wall, which might have been foreseen and expected as a result of his conduct, but he would not be liable for any consequence which he could not have foreseen and was not morally obliged to take into consideration in the prosecution of his work, and if the jury believe from the evidence in this case that the proximate cause of the injury to plaintiff's building and contents was a wind of unusual and unexpected velocity such as a reasonable man would not anticipate, then the defendant is not liable for the injury, if any, which may have been suffered by the plaintiff, unless you find from the evidence that the defendant, Anderson, neglected to put proper bracings and supports around the walls of the building which he was constructing to protect them against such ordinary storms and winds as might have been reasonably expected at the time and place at which the building was being constructed." We do not see how this instruction, taken as a whole, could have misled the jury into believing that the defendant was not bound to so construct and protect his wall as to guard against any wind-storm which might reasonably be expected, and that he would only be excused in the event that the injury resulted from a "wind of unusual and unexpected velocity such as a reasonable man would not anticipate." By instruction No. 4, requested by plaintiff, and refused, the court was asked to instruct

45

the jury, among other things, that "it was the duty of the defendants to consider what was likely to occur during a severe or strong wind, and they were required by law to so erect and construct the walls of said building and keep them in such condition they would withstand the conditions that might reasonably and ordinarily be expected in the country where they were erecting said building. The principal fact in this case left for you to determine is: Did the defendants so erect and leave the walls of said building in a condition in which they would be expected to remain and be reasonably safe? Did they do all that prudence or forethought would demand of them? In other words, if you believe a wind-storm might be expected in the country where said building was built that would blow over or down said walls and render them dangerous, then negligence would be chargeable against the builders and constructors of said building." The last sentence quoted from that instruction is not the law, even under the authorities cited by plaintiff. The duty devolving upon the defendant was not to guard the wall against such a wind-storm as "might be expected." It was to guard the wall against such a wind-storm as might "reasonably" be expected. The quotation made by plaintiff upon this point from *Cork v. Blossom,* 162 Mass. 330, so states, viz.: "If a person builds and maintains upon his premises a chimney so that, if it falls, it will fall upon and injure the adjoining premises, he is bound, in the exercise of proper care, to construct it so that it will withstand any gales which experience shows are reasonably to be anticipated in that locality." That is a correct statement of the law, and it shows the error in the instruction requested by plaintiff.

Finally: "The verdict is not sustained by the evidence, but is contrary thereto." It would serve no good purpose to set out the voluminous testimony or to even attempt to give a synopsis of it here. It is sufficient to say that upon every material point it is conflicting, and is ample to sustain the verdict.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.