Osborne v. State.

EDWARD OSBORNE V. STATE OF NEBRASKA.

FILED DECEMBER 1, 1926.  No. 25133.

1. Criminal Law: INSTRUCTIONS. It is the duty of the court on its own motion to instruct the jury as to the general rules of law applicable to the case, and in such a way as not, either by omission or by expression, to withdraw from the consideration of the jury an issue or essential element necessary for its determination.

2. ———: REQUEST FOR INSTRUCTION. If either party desires an instruction which would serve only to guide the jury in weighing certain features of the evidence in connection with the issues, he must request such specific instruction. The proper time to make the request is when the evidence is concluded, and

the proper manner of making it is by submitting in writing the instruction desired.

3. ———: QUESTION FOR JURY. Under our practice in a criminal case tried to a jury, no matter how strong the proof of an affirmative fact presented by the state, and notwithstanding there may be no contradiction thereof, still it is for the jury to say whether or not the fact is established.

4. Indictment and Information: INTOXICATING LIQUORS: PLEADING AND PROOF. Where the statute provides for an increased punishment for a second or subsequent conviction for a violation of the liquor laws, in the absence of a statute regulating the procedure, in order that the court may be authorized to impose such increased punishment, the fact of a prior conviction must be set forth in the indictment, or information, and it is imperative that such fact be established by proper evidence and passed upon by the jury.

5. Criminal Law: INTOXICATING LIQUORS: INSTRUCTIONS. Under section 3288, Comp. St. 1922, the first offense is a misdemeanor, the second a misdemeanor with enhanced punishment, and the third a felony. In a prosecution under such statute, the defendant may be acquitted of the felony, but convicted as for a first or second offense. The instructions of the court should be given upon that theory, and the verdict of the jury responsive thereto.

6. ———. Section 3241, Comp. St. 1922, is complete within itself, both as to the misdemeanor and the punishment therefor, and section 3288 is without application.

ERROR to the district court for Seward county: LOVEL S. HASTINGS, JUDGE. *Affirmed in part, and reversed in part.*

*Thomas, Vail & Stoner,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

In this case the plaintiff in error, hereinafter called the defendant, was informed against and prosecuted in the district court for Seward county on an information charg-

ing him: First count, being found "in a state of unlawful intoxication," and also charging the previous convictions set out in the third count; second count, transportation of intoxicating liquor (which was *nolle-prossed* at the close of the state's evidence); third count, so far as is necessary for our consideration, is as follows:

"That on the 4th day of September, A. D. 1925, at and within the county of Seward and state of Nebraska, Edward Osborne, then and there being, was then and there in the unlawful possession of intoxicating liquor, to wit, two pints of whiskey; he, the said Edward Osborne, having previously violated the provisions of chapter 187 of the liquor laws of the year 1917, as amended in 1921, and as contained in the provisions of chapter 33 of the Compiled Statutes of Nebraska for the year 1922, by having been convicted of the crime of unlawful possession of intoxicating liquor on the 3d day of January, 1922, in the justice court of George A. Emrick, justice of the peace within and for Seward county, Nebraska; * * * and having been convicted on the 4th day of August, 1919, for the unlawful sale of intoxicating liquor in the justice court of George A. Emrick, justice of the peace within and for Seward county, Nebraska. By reason of said prior convictions the defendant Edward Osborne is guilty of a felony under the laws of the state of Nebraska."

To each of these counts the defendant pleaded not guilty, and the case proceeded to a trial to a jury. No evidence was introduced on the part of the defendant. The jury returned a verdict which was, omitting formal parts, as follows:

"We, the jury, duly impaneled and sworn in the above entitled case, do find the defendant guilty on both the first and third counts of the information in the manner and form as charged therein."

On this finding of guilty the defendant was sentenced on the first count to pay a fine of $50, and on the third count to imprisonment in the state penitentiary for a term of one year. From this judgment the defendant prosecutes error

to this court, and for a reversal relies upon certain alleged errors which will be presented as considered herein.

As heretofore indicated the first count charged the defendant with being "in a state of intoxication" under section 3241, Comp. St. 1922, and also charged him with the same previous convictions contained in the third count as quoted. As neither of such previous convictions was for being found "in a state of intoxication," they were not within the provisions of such section, and as such section is complete within itself, both as to the misdemeanor and the punishment therefor, section 3288 is without application, as it is controlling only in cases where no other penalty is expressly provided. The trial court did not err in treating such plea of previous convictions in count one as surplusage, and rendering judgment as it did.

Our further consideration will be given to the third count only. The evidence as to the prior convictions was that of the Justice mentioned in the information, who still held such office and the custody and control of the judgment dockets, proof of which fact was by him shown, also that he knew the defendant personally, and that the defendant in this instant case was the same and identical person who was defendant in the other respective cases charged in the third count, such previous convictions having been had and entered on the 4th day of August, 1919, and on the 3d day of January, 1922; that he prepared and entered such original judgments, each of which was identified, the pages on which they appeared removed from the dockets, and received in evidence. Such judgments were identical in form except as to the offenses charged therein, designated the court in which they were rendered, set out the entire complaint in each case, the trial of the case, to wit, the reading of the complaint to the defendant, his plea of guilty thereto, the judgment and sentence entered thereon, and the satisfaction thereof on the part of the defendant. The complaints, proceedings and judgments respectively, as só shown by the record, are each in usual form. The evidence above revealed stands without contradiction, and,

further, no objection was lodged to any question propound-
'ed to such witness.

To the introduction of such judgment dockets the fol-
lowing objection was lodged and overruled: "The defend-
ant objects to the introduction of this evidence for the rea-
son that at this stage of the state's case the evidence offered
is incompetent, irrelevant and immaterial, no sufficient
foundation laid for the introduction of the same. The in-
tention on the part of the state, apparently, at this time is
to show prior convictions, and the evidence upon counts 2
and 3 of the complaint being insufficient to sustain a ver-
dict against the defendant, Osborne, at this time either for
transportation or possession" (as charged in the instant
case). The objection lodged was of too general a nature
to call for serious consideration of the court while the trial
was in progress, and before the evidence was closed. In
order that error may be predicated upon an objection to
a question, or to the introduction of certain evidence, such
objection should be sufficiently explicit to indicate the spe-
cific reason for the interposition thereof. *Miller v. Drain-
age District,* 112 Neb. 206. Further, the objection went to
the entire record offered. Certainly, under any theory the
record, so far as the trial, findings and judgment are con-
cerned, was competent. A judicial record of this state may
be proved by the producing of the original or a duly and
legally certified copy thereof. Section 8919, Comp. St. 1922.

However, if the objection was broad enough to cover
the question of the admissibility of this copy of the com-
plaint as entered on the docket and embodied in the judg-
ment before offering or accounting for the original, are
we not correct in concluding that such record as offered
,was sufficient and competent to prove every fact necessary
to be proved, including that of jurisdiction? While the
law requires the justice to enter the judgment on his docket,
it leaves the form of such judgment largely to the discre-
tion of such court. Section 9482, Comp. St. 1922, provides:
"The provisions of this Code, which are in their nature
applicable and in respect to which no special provision is

made by statute, shall apply to proceedings before justices
of the peace." Section 9483 provides, in part: "Every '
justice must keep a book, denominated a docket, in which
must be entered by him: First. The title of every action in
which the writ is served, or where the parties voluntarily
appear. * * * Third. The filing of the bill of particulars
of either party and nature thereof, and when not of too
great length, the same shall be entered at length on the
docket." Section 9984 provides: "It shall be the duty of
every magistrate in criminal proceedings to keep a docket
thereof as in civil cases." A complaint in a criminal case
occupies a position similar to that of a bill of particulars
in a civil case. Hence, as the complaint so extended in such
record forms the basis of such judgment, it becomes and
is an integral part thereof. Being an integral part of such
judgment, in determining whether or not such limited court
has jurisdiction, the consideration of such complaint ex-
tended at length in the docket is a proper element. That
this was the intent of the law-making body is clearly im-
plied from the above statutory enactments, if not expressly
so stated therein. This holding is not in conflict with that
in *King v. State,* 18 Neb. 375, or even those cases holding
that mandatory entries prove themselves. While, as sug-
gested by defendant in his brief in this court, but not at
the trial in the district court, it would have been perfectly
competent, and perhaps the better practice, to have fol-
lowd the procedure indicated by section 10004, Comp. St.
1922, providing that a brief statement of the conviction
shall be certified by the magistrate to the county clerk, and
that the same or a certified copy thereof shall be competent
evidence, or procure a duly and legally certified copy of
the judgment and files upon which such judgments are
based, as provided in section 8919, Comp. St. 1922, yet
prejudicial error was not committed by the introduction
of the original judgments identified and proved as above
indicated, including the copy of the complaint embodied
therein, and such judgments are competent evidence as to

the jurisdiction of the court, as well as to the subject-matter.

The next challenge to be considered is:  Did the trial court commit reversible error by failing to embody within its instructions one limiting the effect of the evidence introduced of prior convictions?  The only instance as reflected by his record wherein a request for such an instruction could even be implied is wherein the defendant's attorney, when complaining of the misconduct of the attorney for the state, and as a part of the challenge to such conduct, stated:  "The defense further at this time asks the court to instruct the jury that the evidence introduced here to show previous convictions goes solely to the penalty that may be fixed, and that they, the jury, have no right to consider said convictions as evidence on the violation of September 4, 1925, but solely in connection with the penalty and not as to the question of guilt."  As above indicated, this is the only instance where the defendant's attorney or any one in defendant's behalf suggested the qualifying instruction herein considered.  While other instructions were offered by defendant, some of which were given, the qualifying instruction here being considered was not included therein.  Neither was there an exception taken to the instructions given for the reason that the same did not include such a qualifying instruction, or other suggestion of any kind made to the court that such an instruction was desired.

It is the duty of the court on its own initiative to instruct the jury as to the general rules of law applicable to the case, and in such a way as not, either by omission or by expression, to withdraw from the consideration of the jury an issue or essential element necessary for its determination.  However, if an instruction is desired by either party which would serve only to guide the jury in weighing certain features of the evidence in connection with the issues, then in such case it devolves upon such party to request such specific instruction.  "The proper time to make the request is when the evidence is concluded, and the proper

manner of making it is by submitting in writing the instruction desired." *Carleton v. State,* 43 Neb. 373, 404. Thus, we have heretofore construed Criminal Code, section 478 (now section 10144, Comp. St. 1922), and also the Civil Code. This rule of construction, as well as of practice, is approved, announced, or affirmed in *Hill v. State,* 42 Neb. 503; *Housh v. State,* 43 Neb 163; *Carleton v State,* 43 Neb. 373; *Dolan v. State,* 44 Neb. 643; *Pjarrou v. State,* 47 Neb. 294; *Maxfield v. State,* 54 Neb. 44; *Martin v. State,* 67 Neb. 36; *German Nat. Bank of Hastings v. Leonard,* 40 Neb. 676; *Jeffries v. Chicago, B. & Q. R. Co.,* 88 Neb. 268; and *Schroeder v. Lodge No.* 188, I. O. O. F., 92 Neb. 650. As to such holding no impelling reason has been suggested, and neither are we aware of any, warranting a departure therefrom or a modification thereof.

We recognize, as has been called to our attention by attorneys for defendant, that in certain of our decisions we have used the word "request" without the amplifying words used in *Carleton v. State, supra,* and other cases cited. However, where we have so used the word "request" without giving it the full force and meaning herein expressed, it was inadvertently done, and that without an intent on our part to announce a rule of practice different from our holding herein. As an illustration of the foregoing, in the case of *Taylor v. State,* 114 Neb. 257, in the course of the opinion, we said: "In the case before us, no instruction was asked with reference to the purpose of the evidence of similar offenses, and error cannot be predicated upon the failure of the court to instruct upon that phase of the case." And in the syllabus we held: "Where evidence is offered tending to prove similar acts committed by the accused, the trial court should instruct the jury as to the purpose of such evidence." Hence, considering the syllabus in connection with the opinion, such syllabus should be read as if there was added thereto the words, "if proper request is made." Thus, we are impelled to hold that error was not committed by reason of the omission of such qualifying instruction.

Osborne v. State.

As to the motion presented on the part of the defendant at the close of the evidence for an instructed verdict for the defendant, as the case will be sent back for a retrial, as further shown in this opinion, in answer to this objection we will simply say that the evidence was sufficient to warrant the submission of the case to the jury, and error was not committed in so doing.

The defendant complains of the giving of instructions Nos. 9 and 14, given by the court on its own motion, which were as follows:

"No. 9. You are instructed that, before you can convict the defendant on the third count of the information, it will be necessary to first find, from the evidence, beyond a reasonable doubt, that on or about the 4th day of September, 1925, at and within the county of Seward and the state of Nebraska, the defendant did unlawfully have in his possession certain intoxicating liquor, to wit, whiskey, as charged in said count, of said information; but, if you believe from the evidence beyond a reasonable doubt that the defendant did so have said intoxicating liquor in his possession, then, before you can convict the defendant on said third count, you must further find, from the evidence, beyond a reasonable doubt, that he had been previously convicted of the crime of unlawful possession of intoxicating liquor on the 3d day of January, 1922, in the justice court of George A. Emrick, justice of the peace, within and for Seward county, Nebraska, and that he had been convicted on the 4th day of August, 1919, for the unlawful sale of intoxicating liquor in the justice court of George A. Emrick, justice of the peace, within and for Seward county, Nebraska."

"No. 14. You are instructed that, if you believe from the evidence, beyond a reasonable doubt, that on or about the 4th day of September, 1925, the defendant, at and within the county of Seward and state of Nebraska, did unlawfully have possession of intoxicating liquor, to wit, whiskey, as charged in said information, and that he had previously thereto been convicted of the crime of unlawful possession

of intoxicating liquor on the 3d day of January, 1922, in
the justice court of George A. Emrick, justice of the peace,
within and for Seward county, Nebraska, and that he had
been convicted on the 4th day of August, 1919, for the un-
lawful sale of intoxicating liquor in the justice court of
George A. Emrick, justice of the peace, within and for
Seward county, Nebraska, then you should find the de-
fendant guilty as charged in the third count of the infor-
mation."

The question for our consideration is: Did such instruc-
tions properly submit to the jury the law applicable to the
issues raised by a plea of not guilty, as entered to the
third count? The section of the statute under which this
conviction is sought is section 3288, Comp. St. 1922, which,
so far as is material to this case, is as follows:

"Any person who shall by himself or through his agent
violate any of the provisions of this act, shall, except where
another penalty is otherwise expressly provided, be deemed
guilty of a misdemeanor, and upon conviction thereof
shall, for the first offense, be fined the sum of one hun-
dred dollars, or be imprisoned in the county jail not less
than thirty days nor more than sixty days, and for the
second offense, shall be imprisoned in the county jail not
less than sixty days nor more than ninety days, and for
the third and all other subsequent offenses shall be guilty
of a felony, and shall be imprisoned in the penitentiary
not less than six months nor more than two years, and
shall in all cases pay the costs of prosecution."

It will be seen that the third count under such section
3288, in apt terms, charges the defendant with three of-
fenses: First, with a misdemeanor; second, with a mis-
demeanor with enhanced punishment; third, with a felony.
The plea of not guilty put each of such charges in issue.
The instructions given took away from the consideration
of the jury the first and the second, and by their terms
denied the defendant the right of a determination thereof,
and compelled the jury to render their verdict solely on the
felony charge. The jury should have been permitted,

under proper instructions, to find that the defendant did or did not commit such first offense; if they found that he did not, then their verdict should be not guilty; if they found him guilty of the first offense, but not guilty of the second or third, they should so state in their verdict; if their finding was guilty of the first offense and but one of the previous convictions, they should designate the one, and return in their verdict a finding of guilty of the first and second offenses as charged, but not guilty of the third; if they found defendant guilty of the instant charge, and also of each of such previous convictions, then their finding should be guilty of the first, second, and third offenses, as charged in such third count, thus responding to each issue raised.  As the instructions given limited the jury's consideration to the felony charge, and denied to the defendant the right to have submitted and considered separately by the jury the misdemeanor covered by the instant charge, and the misdemeanor covered by the enhanced punishment, and as we have found that it was the duty of the court on its own initiative to instruct as to the law of the case applicable to the issues raised, and the duty of the jury to respond by way of its verdict to such issues, such failure of the court to submit such respective issues, and such failure of the jury to respond thereto, impel us to conclude that, by reason of such respective irregularities, reversible error was committed.  This conclusion is in harmony with our holding in *Wozniak v. State,* 103 Neb. 749, wherein in construing section 56, ch. 187, Laws 1917 (being the section under consideration herein), it is said: "The first and second offenses are misdemeanors with different penalties attached, and the third offense is a felony. In a prosecution for felony under the act, the defendant may be acquitted of the felony but convicted as for a first or second offense.  The instructions should be given upon that theory."  It has been suggested on the part of the state that the above quotation is followed in the same paragraph of the syllabus with the following:  "Especially when the evidence as to former offenses is more doubtful

than as to the principal offense charged." The addition of such clause was perhaps added as reflecting the facts presented in that particular case. Under our practice and procedure it is axiomatic that the jury are the sole judges in the first instance of the evidence and the weight thereof, which includes the credibility of the witnesses. Under such rule the court determines the admissibility of the evidence, the jury its weight. In *Heldt v. State*, 20 Neb. 492, we held: "Where the defendant in a criminal case has pleaded not guilty, the jury, in order to convict him of the offense charged, must find from the evidence that he is guilty, and the court has no authority to say to them that certain allegations are uncontradicted, and therefore may be by the jury considered as proved. The credibility of the witnesses must be submitted to the jury." This holding is supported by *Goldsberry v. State*, 66 Neb. 312. Where the statute provides for an increased punishment for a second or subsequent conviction for a violation of the liquor laws, in the absence of a statute regulating the procedure, in order that the court may be authorized to impose such increased punishment, the fact of a prior conviction must be set forth in the indictment, or information, and it is imperative that such fact be established by proper evidence and passed upon by the jury. *State v. Findling*, 123 Minn. 413. Hence, we conclude that as to whether or not the evidence as to a former offense is more doubtful than that as to the principal offense charged, such evidence is for the consideration of the jury under proper instructions, as is also the question of the identity of the defendant. As said in *State v. McBroom*, 238 Mo. 495: "Under our practice, however, no matter how strong the proof may be of an affirmative fact presented by the state, and notwithstanding there may be no contradiction thereof, still it is for the jury to say whether or not the fact is established." While in some of our previous opinions a different holding has been indicated, we are impelled to conclude that the above announcement is the better rule and more in harmony with our practice.

As a new trial is to be had, the other claimed errors will not likely reoccur, and are therefore not considered.

The judgment of the trial court as to the first count is affirmed; and as to the third count is reversed and the cause remanded for further proceedings.

AFFIRMED IN PART AND REVERSED IN PART.