ROSE WORACEK, APPELLEE, v. WILLIAM E. SCHUEHART, APPELLANT.

FILED JANUARY 24, 1936. No. 29508.

*Johnsen, Gross & Crawford* and *G. F. Nye,* for appellant.

*A. A. Rezac, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and RAPER and PROUDFIT, District Judges.

DAY, J.

There was a collision between the automobiles driven by plaintiff and defendant at a highway intersection several miles west of the city of Omaha. The plaintiff seeks to recover damages both to her person and to her car. A judgment for $824 was entered upon a verdict of the jury, from which the defendant appeals.

The first of three assignments of error is directed to the action of the trial court in overruling the motion for a directed verdict, one at the completion of plaintiff's testimony, and the other when all the testimony had been adduced. The basis of the motion is that "the plaintiff has failed to prove by competent evidence any allegation contained in the petition as to the negligence of the defendant." In substance, the petition alleged that the defendant did not have his automobile under control, was driving it without any regard to the rights and safety of others using the highway, and was driving it in a reckless, unlawful manner and at an excessive speed.

The plaintiff testified upon the question of defendant's negligence. According to her testimony, she approached the intersection from the north on Ninetieth street, stopped at the stop sign, and looked up and down the Pacific street road. She saw no car approaching from either direction and then proceeded across the highway. She never saw the defendant's car, and when she was almost entirely across the intersection, it hit the right rear wheel of her car. She did not know what part of the cars came together, but knew

that her back right wheel was hit. After the impact, she did not remember anything until she was at home. Since she did not see the car at any time, she could not testify as to speed, or as to control or lack of control, or as to the movements of defendant's car at the slow sign which was placed on the Pacific street road.

J. S. Woracek, father of the plaintiff, testified that he went to the scene of the accident shortly after it occurred. Upon his arrival at the scene, he talked with Mr. Schuehart, and testified to the conversation as follows: "I says to Schuehart, * * * 'Who hit her?' And he says, 'I hit her, but I am covered with insurance and I will see that everything is settled O. K.'" Mr. T. J. Green, who accompanied J. S. Woracek to the scene of the accident also testified to this conversation.

There is the testimony of a number of witnesses about the physical aspects of the intersection as to the bank obstructing the view of a driver coming from the north on the Ninetieth street road and a driver east-bound on the Pacific street road, from which it appears that a bank obstructs the view so that a driver approaching on one road could not be seen easily by a driver along the other. In addition to this testimony, pictures of the plaintiff's car taken after the accident were introduced in evidence. These pictures and the other evidence are sufficient to require a submission of this case to the jury. The jury could reasonably infer that the plaintiff stopped at the stop sign before entering the intersection, that the defendant was driving too fast and did not have his car under control because his car hit the right rear wheel of plaintiff's car, overturning it when she was almost across the intersection. Defendant could have seen plaintiff during the entire time she was passing almost the entire distance of the intersection. If he was not driving at an excessive rate of speed and had his car under control, he could have avoided hitting her, and if he did not see her, he must have been driving recklessly and without a due regard for the safety of others. The jury could infer from this evidence that the defendant was neg-

ligent and that his negligence was the proximate cause of the accident. An automobile driver should have his car under such control that upon entering an intersection he can avoid a collision with another car which is operated with due care. *Thrapp v. Meyers,* 114 Neb. 689, 209 N. W. 238; *Smith v. Coon,* 89 Neb. 776, 132 N. W. 535.

When the motion for a directed verdict was urged at the close of all the testimony, much of this testimony was disputed by defendant's witnesses, but, of course, disputed questions of fact are for the jury. True, the evidence in this case is not overwhelming upon the question of negligence, but it is, we think, sufficient under the circumstances to require a submission of the question of negligence to the jury.

Another assignment relates to the failure of the trial court to give a cautionary instruction as to defendant's liability insurance. This is not argued in appellant's brief, and the nature of the instruction desired is not indicated. Furthermore, there was no request for such an instruction to the trial court. An instruction which serves only to guide the jury in weighing certain features of the evidence must be requested before error can be predicated upon failure to so instruct. *Osborne v. State,* 115 Neb. 65, 211 N. W. 179.

There was some argument orally before the court and to a lesser extent in the briefs as to the admissibility of the testimony as to the statement alleged to have been made immediately after the accident by the defendant. It is quoted from the testimony of J. S. Woracek heretofore. An examination of that statement convinces us that, even if any error relates to it, which we do not decide, it was error without prejudice. It was unnecessary to determine whether it was an admission of negligence sufficient alone to require submission of the issue to the jury because in our view the physical facts required such submission on the question of negligence.

The last assignment of error is that the verdict is contrary to law in that while the plaintiff's petition sets out

two causes of action, "and produced evidence as to damage, both as to her person and as to her automobile, the verdict is in one sum, and in no way specifies the amount of damages as to each cause of action." We know of no rule, in the absence of a request for a special verdict possibly, which requires a verdict to specify and designate the amount assessed on account of each separate cause of action. Our attention has not been directed to any authorities for such a rule. An examination of the entire record does not disclose any prejudicial, reversible error.

AFFIRMED.