GUST HEAD v. STATE OF NEBRASKA.

FILED DECEMBER 5, 1894.   No. 7048.

1. **Assault With Intent to Ravish Child:** INTENTION OF ACCUSED: EVIDENCE. In a prosecution for an assault with intent to ravish and carnally know a female child under the age of consent (Criminal Code, sec. 12) the fact that the intention of the prisoner at the time of the assault proved was to have carnal knowledge of the prosecutrix with her consent and not otherwise is immaterial.

2. ———: EVIDENCE. The prisoner, who had tendered his services to see the prosecutrix, nine years of age, home from a dance in the village of their residence, attempted while on the way from the dance hall to decoy her into a barn at or after the hour of midnight, and desisted only when he found the barn was locked. About that time, hearing some persons approaching, he seized her

in his arms and hastily carried her into a privy in the rear of a
store near by, and seventy-five feet from the sidewalk.    While
in his arms he prevented her from crying out by putting his
hands over her mouth ; and, according to her testimony, he
thrust his finger down her throat, lacerating it severely and caus-
ing her considerable pain.    When he entered the privy with the
prosecutrix the latter stumbled and fell, when the prisoner
pushed her head down through one of the holes in the seat.    At
that point some men on the street hearing her cries hastened to
her relief, but were compelled to break the door of the privy
which the prisoner had locked on entering.    *Held*, To sustain
the verdict of assault with intent to ravish, under sections 12
and 14, Criminal Code.

3. **Criminal Law**: INTOXICATION: EVIDENCE.    While intoxica-
tion is no excuse for an assault committed when under the in-
fluence thereof, it is proper to be considered by the jury for the
purpose of determining whether the prisoner was at the time in
question capable of entertaining the specific intent charged.

ERROR to the district court for Dawson county.    Tried
below before HOLCOMB, J.

*George Gillan* and *G. W. Fox*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

POST, J.

This is a petition in error to review a judgment of the
district court for Dawson county, whereby the plaintiff in
error was convicted of an assault with intent to commit
the crime of rape upon May Elliott, a female child under
fifteen years of age.    The evidence of the state, which was
not controverted at the trial, is to the effect that the child
above named, under nine years of age, on the night in ques-
tion, with permission of her mother, attended a masquer-
ade ball in the village of Cozad.    During the evening she
danced several times with the prisoner, who is shown to
have been somewhat intoxicated.    When she started to
leave the dancing hall, about midnight, the prisoner offered
to accompany her home, a few rods distant.    On the way

home he induced her to sit down on the sidewalk, saying that he would get some candy and peanuts and they would then go into a barn near by and have some fun. He attempted to get into the barn designated but found it locked. About that time, on hearing some persons approaching, he seized her in his arms and carried her into a privy in the rear of an adjoining store, about seventy-five feet from the sidewalk. In order to prevent her crying while in his arms he put his hands over her mouth and thrust his finger down her throat, severely lacerating it, and causing her considerable pain. On entering the privy he bolted the door, when the child, according to her testimony, stumbled and fell, and the prisoner pushed her head down through one of the holes of the seat. At that point some men on the street were attracted by her outcries and immediately hastened to her rescue. The prisoner on leaving the privy disappeared for a time but afterward returned to the hall where the dance was still in progress.

The facts stated prove the commission of an assault and battery,—a most disgusting and atrocious wrong to the person of the child named in the indictment. But it is contended by counsel for the prisoner that they are insufficient to warrant the jury in finding the existence of the specific intent essential to a conviction for the crime charged. It should be remembered in this connection that the child assaulted was in a legal sense incapable of consenting to the carnal act, hence the prisoner, if he intended at the time of the assault to carnally know or abuse said child, is guilty of all of the elements of the crime charged. (*Davis v. State*, 31 Neb., 247.) It is elementary law that the assault and the specific intention in all such cases must concur in point of time, and must be accompanied by an act or acts in some manner adapted to the accomplishment of the thing intended. In this case the acts of the prisoner were not only well adapted to the purpose alleged, but are of such a character as to satisfy us that his intention was to consummate

the sexual act with the child under his care and protection. The attempt to decoy her into the barn at dead of night we regard as a circumstance so entirely inconsistent with the theory of his innocence as to exclude every rational hypothesis except that of the criminal design charged, while his subsequent acts convince us that it was his intention to use force if necessary to accomplish his purpose. That conclusion has the support of abundant authority. (See *Crew v. State*, 22 S. W. Rep. [Tex.], 973; *State v. Shroyer*, 16 S. W. Rep. [Mo.], 286; *Hays v. People*, 1 Hill [N. Y.], 351; *State v. Smith*, 80 Mo., 516; *State v. Montgomery*, 63 Mo., 296.)

Another contention is that the prisoner was intoxicated to such a degree that he was incapable of forming the intention essential to the crime of rape in this instance. That question was fairly submitted to the jury by instructions which advised them that while drunkenness is in general no excuse for crime, the evidence thereof should be considered for the purpose of determining whether the prisoner was at the time of the assault capable of entertaining the specific intent charged. In that there was not error (see *Hill v. State*, 42 Neb., 502, and authorities cited), and the evidence fully sustains the finding of the jury. There are other errors alleged in the giving of instructions, but as the charge on the branch of the case to which they apply was more favorable to the prisoner than he was entitled to, it follows that the exceptions are without merit. There is no error in the record prejudicial to the prisoner, and the judgment is

AFFIRMED.