JANUARY TERM, 1903.

[No. 882.    January 14, 1903.]

## THE TERRITORY OF NEW MEXICO, Appellee, v. DAVID BACA, Appellant.

### SYLLABUS.

1. Presumption of innocence is a matter of evidence in favor of the defendant, and it is error to exclude it from the consideration of the jury.

2. It is error for the court, in a criminal case, to omit to instruct the jury as to the law of the case, whether requested so to do or not.

3. It is the duty of the court in its instructions to tell the jury in clear and concise language, what the essential elements of the crime charged are. It is error to refer the jury to the indictment to ascertain them.

4. It is the duty of the court to instruct the jury, in a criminal case, on each theory of the defense, where there is any evidence tending to establish it.

Appeal from the district court of Socorro county, before CHARLES A. LELAND, Associate Justice. Reversed and remanded.

EDWARD L. BARTLETT, Solicitor-General, for appellee.

· A. A. FREEMAN for appellant.

OPINION OF THE COURT.

BAKER, J.—This is an appeal from the county of Socorro, Fifth judicial district. The defendant was indicted and convicted of the crime of assault with intent to murder.

The defendant complains of the fourth and fifth instructions given by the court on its own motion, and of the court's refusal to give the first, second, fourth and fifth instructions requested by defendant, to which acts of the court the defendant duly excepted.

The fourth instruction complained of reads as follows: "If you believe that any witness has willfully sworn falsely to any material matter, you are at liberty to disregard the whole or any part of the testimony of such witness, unless it is corroborated by other testimony which you believe to be true. If after carefully applying these tests you still entertain a reasonable doubt as to the defendant's guilt, it would be your duty to acquit him. But if, on the other hand, you are unable to reconcile all the evidence with the theory of the defendant's innocence, and are satisfied beyond a reasonable doubt that he is guilty, it will then be your duty to return a verdict of guilty, as charged in the indictment." It is the universal law in the United States that the burden of proof is never upon the defendant in a criminal case. The presumption of innocence is a matter of evidence in favor of the defendant and continues throughout the trial until he shall have been found guilty by the evidence beyond a reasonable doubt. The court instructed the jury to apply the test to the evidence as directed in his instruction, and that if after applying this test they still entertain a reasonable doubt

of defendant's guilt, it would be their duty to acquit him, and then adds, *"But if, on the other hand, you are unable to reconcile all the evidence with the theory of the defendant's innocence, etc."* they shall find him guilty as charged. Indeed, this instruction eliminates from the consideration by the jury, *the presumption of innocence,* which is a matter of evidence. It will be seen that this instruction applies the test only to the witnesses upon the stand. The jury are told to apply this test to the witnesses and *from that test* determine the guilt or innocence of the accused, entirely ignoring the *legal evidence* produced by the presumption of innocence. In Coffin v. U. S., 156 U. S. 461 the matter of the weight of the legal evidence arising from the presumption of innocence is carefully considered and wherein an instruction was given that "if after weighing all the proofs and looking only to the proofs you impartially and honestly entertain the belief," etc., concerning which the court says: " 'The proofs and the proofs only' confined them to those matters which were submitted to their considertion by court, and among the elements of proof the court expressly refused to include the presumption of innocence to which the accused was entitled and the benefit whereof both the court and the jury were bound to extend to him." It is true that twice in a very short space the court instructs the jury that if they are satisfied beyond a reasonable doubt they shall find the defendant guilty. What is the effect and the meaning of the expression, "if, on the other hand, you are unable to reconcile all the evidence with the theory of the defendant's innocence?" It is to direct the jury to weigh the evidence and to ascertain whether or not it is inconsistent with his innocence and if it is inconsistent with his innocence and the jury are satisfied beyond a reasonable doubt that he is guilty, they should so express it in their verdict. It goes without saying that there are many facts and circumstances concerning a

transaction which could not be reconciled with the *innocence of a party,* and yet there would not be facts and circumstances enough to warrant the belief of his guilt beyond a reasonable doubt. It is not for the jury to find whether the evidence is reconcilable with his innocence, but that the evidence must be inconsistent with any hypothesis of the innocence of the defendant. It may be contended that the expression, "if you are unable to reconcile all the evidence with the theory of the defendant's innocence," is cured by the sentence preceding and the one following the instruction. But it is easy to see how the jury, called upon and directed to weigh the testimony *for the purpose of reconciling it with the defendant's innocence,* and being unable to do that, might be materially aided in finding there was no reasonable doubt of his guilt. In other words, it calls upon the defendant to do something to have his innocence so clear and evidence so positive concerning his innocence, that all the evidence could be reconciled with his innocence. The jury is never called upon to investigate the defendant's innocence, but to investigate his guilt. The presumption of his innocence stands out as a bulwark against the evidence of guilt, until the evidence rises to such a degree as not only to surmount this bulwark but to rebut it so plainly as to leave no reasonable doubt of his guilt. McNair v. State, 14 Tex. App. 78; Sladd v. State, 29 Tex. App. 381, 16 S. W. 253; Trogdon v. State, 133 Ind. 1; McWhorter v. State, 53 N. W. 780; People v. Millard, 53 Mich. 70, 18 N. W. 562. This portion of the court's instruction, given on the court's own motion, was clearly erroneous and prejudicial to the defendant.

The fifth instruction complained of and given by the court on its own motion, is as follows: "If you believe beyond a reasonable doubt from all the evidence in the case that the defendant David Baca assaulted and cut Genaro Baca with intent to kill the said Genaro Baca, at the time and place and in the manner alleged in the indictment, then you will find the defendant guilty as

charged in the indictment." It will be observed that
the court called upon the jury to go to the indictment
and there find the essential elements and ingredients of
the crime of an assault with intent to murder. The
essential elements of the crime charged against the de-
fendant were, that the defendant on or about the date
mentioned in the indictment in the county of Socorro in
the Territory of New Mexico, did then and there malici-
ously, willfully and unlawfully assault the said Genaro
Baca with malicious intent to murder the said Baca.
Sections 1082 and 1083, Compiled Laws of New Mexico,
1897. The learned trial judge substituted for his duty to
state in his instructions what the essential elements of
the crime charged were, the following: "If . . . the
defendant David Baca assaulted and cut Genaro Baca
with intent to kill the said Genaro Baca at the time
and place mentioned in the indictment," the jury should
find the defendant guilty. Section 2992, Compiled Laws
of New Mexico, 1897, provides: ". . . . It is hereby
made the duty of the court in all cases, whether civil
or criminal, to instruct the jury as to the law of the
case, and a failure or refusal so to do shall be sufficient
grounds for reversal of the judgment by the Supreme
Court upon appeal or writ of error. . . ." We are
of the opinion that the court cannot in an instruction
substitute the requirements of the law, that he shall
instruct the jury as to what the law is, by any reference
to an indictment from which the jury would have to
determine what the essential elements of the crime
charged are. It is the duty of the court to interpret
the indictment and give its legal effect. The court must
clearly instruct the jury as to the law of the case. Ter-
ritory v. Nichols, 3 N. M. 109; Territory v. Friday, 8
N. M. 204; Territory v. Romine, 2 N. M. 114; Territory
v. Vialpando, 8 N. M. 211; Territory v. Aguilar, 8 N. M.
402; Territory v. Padilla, 8 N. M. 510; Territory v.
Lerma, 8 N. M. 570; Territory v. Romero, 2 N. M. 476;
Territory v. O'Donnell, 4 N. M. 210; U. S. v. Amador,

6 N. M. 178; Trujillo v. Territory, 7 N. M. 53; Territory v. Young, 2 N. M. 104; State v. Taylor, 118 Mo. 153; State v. Banks, 73 Mo. 592; State v. Palmer, 88 Mo. 572; State v. Donahoe, 78 Ia. 486; State v. Hopkins, 56 Vt. 250; State v. Horn, 22 S. W. (Mo. Sup.) 381; Dolan v. State, 44 Neb. 643; Carleton v. State, 43 Neb. 373; Metz v. State, 46 Neb. 547; Pjorro v. State, 47 Neb. 294; People v. Cummings, 47 Mich. 334; People v. Murray, 72 Mich. 10; State v. Brainard, 25 Ia. 572; Title v. State, 31 S. W. (Tex. Crim. App.) 677; Anderson v. State, 31 S. W. (Tex. Crim. App.) 673; Moore v. State, 33 S. W. (Tex. Crim. App.) 980; 11 Ency. of Pl. and Pr., 212.

We are, therefore, of the opinion that the fifth instruction given by the court is clearly erroneous.

The first instruction asked by the defendant and refused by the court, complained of, is as follows: "If you believe that the defendant and the prosecuting witness Genaro Baca got into a fight and the defendant cut the witness Genaro Baca, without intent to do so, then you will find the defendant not guilty." Section 1083, supra, provides: "If any person shall assault another with intent to murder," etc. Intent is one of the essential ingredients of the crime charged against the defendant. United States v. Buzzo, 18 Wal. 125; Territory v. Pino, 9 N. M. 598; U. S. v. Folsom, 7 N. M. 532; Territory v. Vigil, 8 N. M. 583. Therefore, if the defendant did what he is charged to have physically done, without any intent in fact, the defendant would not be guilty. Whether or not he did *intend to do* that which he is alleged *to have done,* was a fact to be determined by the jury upon the evidence in the case. If there was any evidence tending to show that the defendant did not cut the prosecuting witness with intent to murder him, then the court should not have refused to give instruction one asked by the defendant, as the court nowhere gave its equivalent in its own instructions. The defendant testified in substance, that he went upon a cer-

tain piece of land where the prosecuting witness was and that some words passed between them concerning former transactions, etc. "Then he started at me and struck me twice with that quirt. After he struck me with the quirt twice he got hold of my arms and threw me over. Then he done what he pleased with me. Q. What did he do after he had thrown you down? A. He beat me all he wanted to. Q. What did he beat you with, if anything, after he had thrown you down? A. I was underneath at the time that he was hitting me with the quirt. Q. What was it he kocked you down with? A. He hit me with the quirt twice, and then he got hold of my arms and throwed me over. Q. After he got you down did he strike you with anything, after he got you down? A. Yes, sir; he struck me, but I don't know what he struck me with. Q. State whether or not you had a pistol when you went there? A. Yes, sir; I had a pistol in my pocket. Q. What pocket? A. In this pocket. Q. What was the effect of his knocking you down; after he had knocked you down, what took place, if anything, that you know of? A. I didn't know anything myself. Q. You mean you were insensible? A. Yes, sir. Q. How were you removed from there; did you go away yourself or were you taken away from there? A. No, my wife and daughter; they picked me up there. Q. Did you have your pistol with you when you were taken away from there? A. No, I have never seen it since. Q. You have never seen that pistol since? A. No, sir. Q. Did you have more than one fight with him there that day? A. No, there was just one difficulty there. Q. How many blows did he strike you with the quirt before he knocked you down? A. About two or three. Q. *Do you know whether or not you cut him in the struggle with your knife? A. No, sir.*" Where the intent is one of the ingredients of the crime, it is competent for the defendant to testify directly whether or not he intended to do the thing complained of, and if he did not intend to do the thing

complained of he is not guilty of the charge, or if he was in such condition of mind as not to be capable of forming an intent, he would not be guilty. Intent is a fact to be determined by the jury, the same as any other fact in the case, beyond a reasonable doubt. Head v. State, 43 Neb. 30; O'Grady v. State, 36 Neb. 320; Kirchnary v. State, 43 Neb. 341; Kerrains v. People, 60 N. Y. 221; 19 Am. Rep. 158; U. S. v. Buzzo, 18 Wall. 125; 8 A. and E. Ency. of Law (2 Ed.), 287, and note five.

For reasons given we are of the opinion that the court erred in failing to give instruction one, requested by the defendant.

The second instruction requested by the defendant reads as follows: "If you believe the prosecuting witness Genaro Baca knocked the defendant down with his fist or a quirt or a pistol, and then commenced to beat the defendant on the head or face with a pistol, or to cut him in the face with a knife, and the defendant had no other means of defending himself than to use his knife, and that he believed and had reason to believe that the prosecuting witness was about to kill him, or to do him some great bodily harm, and he used his knife to protect himself, then you will find him not guilty." Was there any evidence to warrant the giving of this instruction? In other words, was there any evidence tending to show that Genaro Baca was the aggressor and that if the defendant did the cutting it was done in self-defense? The testimony of witness Guadalupe Baca is in part as follows: "Then we saw that Uncle Genaro had my father; had hold of his arms. Then he throwed him down and went on top of him. After he sat on him he commenced to strike him. I hollowed to him and told him, 'Dear uncle, what are you doing with my father? You have killed him! Then he jumped up from where he was and picked up the pistol and fired a shot at him. . . . Q. *When you ran up to them what was he beating your father with?* A. *With a knife.*" Referring to the encounter, on cross-

examination: "What was he (meaning the prosecuting witness) beating him with; with his first? A. *With a knife.* Q. *Was he beating him with the handle of the knife?* A. *With the blade of the knife.* Q. *You saw the knife, did you?* A. *Yes, sir; I saw it."* This evidence, taken with the testimony of the defendant, hereinbefore quoted, tends to prove that the prosecuting witness was the aggressor, and that if the defendant did the cutting at all, it must have been done while he was upon the ground and the prosecuting witness upon him striking him with a knife. However untruthful, if it is untruthful, the testimony of two witnesses may be, it is proper and competent evidence *to go to the jury, under proper instructions of the court.* It will not do for the court to take unto itself the power to carve out and eliminate from the consideration of the jury the competent testimony of witnesses however untruthful or unworthy it may seem to the court. The weight to be given to the testimony and the credibility of the witnesses is the province of the jury, and of the jury alone. The court determines the admissibility of testimony, and when admitted, it is then subject-matter for the jury's consideration, and the jury may attach such weight to the testimony as in their judgment it is right and proper. Territory v. O'Donell, 4 N. M. 196. Therefore, in our opinion, it was the duty of the court to have given an instruction on the subject of self-defense, either in the language of that requested, or in other language. Territory v. Friday, 8 N. M. 204. This is so elementary and has been so many times stated by the courts, that we will not cite further authority in support of it. The court having failed to give an instruction on the law of self-defense, it was error to have refused the second instruction requested by the defendant. Territory v. Friday, supra.

We are of the opinion that the court committed no error in refusing to give the fourth instruction requested by the defendant, for the reason that the court fairly set

out the law in its instructions as to the credibility of the witnesses and the weight to be attached to their testimony.

We are of the opinion that the court committed no error in refusing the fifth instruction asked by the defendant, for the reason that the law applicable to the fifth instruction was embodied in the second instruction requested by the defendant; and both ought not to have been requested.

For reasons given, this case is reversed and remanded for further proceedings.

Mills, C. J., McFie, Parker and McMillan, JJ., concur.