State v. Lucero, 17 N. M. 484.

[No. 1498, March 4, 1913.]

# THE STATE OF NEW MEXICO, Appellee, v. LIBORIO LUCERO, Appellant.

## SYLLABUS (BY THE COURT).

1. The ownership of an animal, alleged to have been stolen, may be laid, either in the true owner, or the person in lawful possession of the animal, as bailee or special owner.

2. Where, under a larceny statute, value of the thing or article stolen is not made material, it need not be alleged, and if averred it need not be proved.

3. An affidavit, in support of a motion for a new trial on the ground of misconduct of a juror should clearly identify the juror guilty of the alleged misconduct, and should clearly specify the facts alleged to constitute such misconduct.

4. Where there is substantial evidence, supporting the verdict, the supreme court will not undertake to weigh the evidence.

5. The correctness of an instruction given by the trial court will not be reviewed by the supreme court, unless excepitons are saved and an opportunity given the trial court to correct the error.

Appeal from District Court, Guadalupe County.

M. R. BAKER and W. C. BURNETT, for Appellant.

There was no arraignment and plea by the defendant. Gonzales v. Territory, 13 N. M. 97; Arandt v. Territory, 15 N. M. 292.

FRANK W. CLANCY, Attorney General, for Appellee.

No fatal variance as to ownership. 2 Bishop's Crim. Proc., sec. 721.

Not necessary for state to prove value of animal alleged

to have been stolen.   Sec. 79, C. L. 1897; 2 Bishop's Crim.
Proc., sec. 713; Davis v. State, 40 Tex. 134.

Misconduct of jurors must be definitely proven.   People v. Williams,·24 Cal. 31; Achey v. State, 64 Ind. 56.

The jury is the sole judge of the weight of the evidence.
Where the evidence is conflicting the verdict will not be
disturbed.   Territory v. O'Donnell, 4 N. M. 196; Territory v. Maxwell, 2 N. M. 250; Crolot v. Maloy, 2 N. M.
198; Cunningham v. Springer, 13 N. M. 259.

### OPINION OF THE COURT.

ROBERTS, C. J.—Appellant was indicted by the grand
jury of Guadalupe County, for larceny of one head of neat
cattle of the value of $25; was tried before a jury in the
district court of that county, adjudged to be guilty and
sentenced by the court to imprisonment in the state· penitentiary for not less than two years nor more than four
years.   From such judgment this appeal is prosecuted.

The first ground relied upon for reversal is that there·
is a fatal variance between the allegation in the indictment and the proof as to the ownership of the animal.
The indictment charged that the appellant unlawfully
and feloniously did take, steal and knowingly drive away
one head of neat cattle of the value of twenty-five dollars
of the property of Victoriano Tafoya, and it developed
upon the trial of the case that the animal in question had
been given to the wife of Tafoya by her mother.· It further appeared, however, that Victoriano Tafoya, at the·
time the animal was stolen, had the lawful possession of
the same, as baillee or special owner.   This being
true, the ownership of the animal, at the option of
the pleader, could have been laid either in Victoriano·
Tafoya or in his wife.   See 2 Bishop's Criminal Procedure, sec. 721, fourth edition.

The second proposition urged as error is, that there
was no proof of the value of the animal.   Under the statute upon which the indictment was predicated, value·
is not material.   It is not mentioned in the statute.

In Bishop's Criminal Proc. sec. 713, the rule is stated
as follows:

"In statutory horse stealing and other like larcenies of specific things, where the punishment in no degree depends on the value, it need not be averred; or, if averred, it need not be proved." See also Davis vs. State, 40 Texas 134.

The third contention is, that there was misconduct on the part of one of the jurors, prejudicial to the rights of the defendant. In the affidavit filed, in support of the motion for a new trial, and in such motion, the name of the juror, whose conduct is said to have been prejudicial, is not given, nor is the name of the party cognizant of the same disclosed. This was clearly insufficient. People v. Williams, 24 Cal. 31; Achey v. State, 64 Ind. 56.

It is next urged that the evidence fails to sustain the verdict. We have carefully gone over the record and find sufficient evidence, which if true, would sustain the verdict. The jury evidently believed it to be true and were satisfied therefrom, to the required degree, that the defendant stole the cow in question. The defendant testified in the case, but the jury, as it had a right to do, evidently concluded that his version of the affair was not true. This court can not be called upon to exercise the functions of jury. Territory v. O'Donnel, 4 N. M. 191; Territory v. Maxwell, 2 N. M. 250; Cunningham v. Springer, 13 N. M. 259.

The fifth question raised is, as to the correctness of the instruction number 14, given to the jury by the court, of its own motion, to the effect that it was proper for the jury to consider the character of the accused. The record before us nowhere discloses that this was excepted to, and it is well settled in this state that the correctness of instructions given by the trial court will not be reviewed by this court, unless exceptions are saved and an opportunity given the trial court to correct the error. The New Mexico cases sustaining this proposition are set out in the case of U. S. v. Cook, 15 N. M. 124, and need not be cited here.

Finding no error in the record the judgment of the lower court is affirmed, and it is so ordered.