State v. Sakariason, 21 N. M. 207.

[No. 1834, November 16, 1915.]
[Rehearing Denied January 11, 1916.]
## STATE v. SAKARIASON et al.

### SYLLABUS BY THE COURT.

1. Every criminal charge necessarily involves two distinct propositions: (1) that a criminal act has been committed; (2) that the guilt of such act attaches to the particular person charged with the commission of the offense. Each of these facts must be proved beyond a reasonable doubt either by direct testimony or by presumptive evidence of the most cogent or irresistible kind. The proof must in both cases be clear and distinct, but it is not necessary that it should be direct and positive. The general rule is now well settled that in all criminal cases the corpus delicti may be established by circumstantial evidence.

P. 210

2. Where there is substantial evidence to support a verdict, the same will not be set aside.          P. 212

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

John E. Sakariason and others were convicted of killing one head of neat cattle belonging to another, and appeal. Affirmed.

M. C. SPICER and J. A. LOWE of Socorro, for appellants.

To sustain a conviction for a crime, the corpus delicti must be proven beyond a reasonable doubt.

2 Bishop on Criminal Procedure, 739; 8 Encyclopedia of Evidence, 86; 1 Wharton on Criminal Law, sec. 745; 3 Greenleaf on Evidence, sec. 30; 1 McClain on Criminal Law, secs. 612, 616; Territory v. Leslie, 15 N. M. 240; Chezem v. State, 76 N. W. 1056 (Neb.); State v. Wescott, 104 N. W. 341 (Ia.); Brown v. Commonwealth, 16 S. E. 250 (Va.); State v. Parson, 19 S. E. 876 (W. Va.);

Wellman v. State, 28 S. E. 876 (Ga.); Dressen v. State, 56 N. W. 1024 (Neb.); People v. Jones, 55 Pac. 689 (Cal.); Guntling v. State, 26 So. 737 (Fla.); Flower v. U. S., 116 Fed. 241 (C. C. A.); Ryan v. State, 14 So. 868 (Ala.); Sanders v. State, 52 So. 417 (Ala.); Johnson v. State, 70 S. W. 83.

Ownership of killed animal must be proved beyond a reasonable doubt.

Territory v. Smith, 12 N. M. 229; Territory v. Ortiz, 8 N. M. 220; Territory v. Chavez, 6 N. M. 455; 1 Bish. New Criminal Proc., sec. 488, par. 3; 3 Greenleaf on Evidence, secs. 154, 161; 12 Ency. of Law (1st ed.) 800.

Identification of animal may be by circumstantial evidence, but it must establish the fact with sufficient certainty.

Hillegos v. State, 75 N. W. 110 (Neb.); Watson v. State, 82 S. W. 514 (Tex.); Smith v. State, 68 S. W. 510; Littlejohn v. State, 13 S. W. 889 (Tex.); Horn v. State, 17 S. W. 1094 (Tex.); Wellman v. State, 28 S. E. (Ga.); Bishop v. People, 62 N. E. (Ill.); Watson v. State, 82 S. W. 514 (Tex.).

With reference to degree of proof based on circumstantial evidence, see:

France v. State, 60 S. W. 236 (Ark.); Moore v. State, 25 S. W. 626; Adams v. State, 13 S. W. 1009 (Tex.); State v. Clifford, 53 N. W. 299 (Ia.); State v. Watson, 4 S. E. 26 (N. C.); Munroe v. State, 35 S. E. 650 (Ga.); Freveno v. State, 69 S. W. 72 (Tex.); State v. Eller, 10 S. E. 331 (S. C.); Broker v. State, 9 So. 355 (Miss.); Martin v. State, 47 N. E. 930 (Ind.); State v. Mitchener, 4 S. E. 26; Hodnet v. State, 45 S. E. 61 (Ga.); State v. Seymour, 79 Pac. 825 (Idaho).

Where verdict of jury is not supported by substantial evidence the judgment entered thereon will be set aside.

State v. Roybal, 147 Pac. 917 (N. M.); People v. Kuches, 52 Pac. 1002 (Cal.); State v. O'Hara, 50 Pac. 477 (Wash.); 6 Dec. Digest, page 1159.

State v. Sakariason, 21 N. M. 207.

H. S. Bowman, Assistant Attorney General, for the State.

The same evidence which tends to connect defendant with perpetration of the crime may tend to prove the corpus delicti.

Jackson v. State, 139 Pac. (Okla.) 324; Dimmick v. U. S., 135 Fed. 257; State v. Gates, 28 Wash. 689, 69 Pac. 285; State v. Minor, 106 Iowa, 642; Dalzell v. State, 7 Wyo. 450; 1 Bish. Crim. Pro., sec. 1057.

Where there is any substantial evidence to support the verdict the same will not be set aside.

State v. Padilla, 18 N. M. 573.

## STATEMENT OF FACTS.

The appellants were indicted, tried, and convicted at the March, 1915, term of the district court for the county of Socorro upon a charge of killing one head of neat cattle of the property of Francisco Baca. The facts will be more fully stated in the opinion.

## OPINION OF THE COURT.

HANNA, J.—The assignments of error present several grounds as the basis for this appeal, and are predicated upon the refusal of the trial court to direct a verdict of not guilty upon defendants' motion made at the close of the state's case, and again made at the close of the entire case, and upon the court's refusal to set aside the verdict of the jury, and discharge the defendants, or grant them a new trial upon their motion made before sentence was passed. The argument in support of these several objections is based very largely upon the alleged failure of the state to prove the corpus delicti and the alleged failure of the state to prove the ownership of the dead animal.

The evidence discloses that the complaining witness, one Francisco Baca, while driving some of his horses in the vicinity of where the animal was killed on the evening of the 14th of January, 1914, met the defendants on

a certain trail, having in their possession a freshly killed beef. He testified that his cattle were the only cattle ranging in this particular locality, and that, because of the fact that he had missed other cattle from his range, he was prompted to question the defendants as to where they had procured the beef; that his suspicions were aroused by the conduct and manner of the accused, and he demanded to see the hide of the dead animal, and was stepping forward to examine the same when he was ordered to stop by the defendants, who drew their guns and threatened him with death. The defendants, however, claim that they had no guns with them, and the evidence in this respect is therefore conflicting. The prosecuting witness, Baca, however, testified that he returned to the place of meeting with the defendants on the following morning, and, following the tracks found at this place, he came to the place where the animal had been killed, finding there a cow belonging to himself which he had turned out two days before with a calf about one or two years old. At a short distance from this place where the animal had been killed he found a head from which the ears had been cut, and the hoofs of the animal, buried. He made complaint on the same day, and had the premises of the defendants searched, and found there a certain beef or a carcass which he claimed was the carcass of the animal that had been killed at the place where the head was found, which he was able to identify because of the manner in which the neck had been severed from the body under the circumstances referred to in his testimony. The defendants were called upon to produce the hide for the animal which they had recently killed, and produced one that was clearly not the hide that had been removed from the beef which was then in their possession. but was the hide of an older and larger animal.

[1] It is thus shown that the state very largely relied upon circumstantial evidence to prove the corpus delicti in this case, and the appellants contend that the proof in this respect was insufficient. The appellants concede that a conviction may be predicated upon circumstan-

tial evidence, but contend that such evidence must be strong enough to exclude any reasonable hypothesis of innocence, and, in other words, the proof must create a moral certainty of guilt, and enable the jury to find the crime proved beyond a reasonable doubt; mere suspicion of guilt or tendency of the evidence to show guilt or probability of guilt not being sufficient. We take it that this principle is well established and finds support in the authorities. As was well stated in the case of Dimmick v. U. S., 135 Fed. 263, 70 C. C. A. 147.

"Every criminal charge necessarily involves two distinct propositions: (1) That a criminal act has been committed; (2) that the guilt of such act attaches to the particular person charged with the commission of the offense. Each of these facts must be proved beyond a reasonable doubt, either by direct testimony or by presumptive evidence of the most cogent or irresistible kind. The proof must in both cases be clear and distinct, but it is not necessary that it should be direct and positive. The general rule is now well settled that in all criminal cases the corpus delicti may be established by circumstantial evidence."

With this statement of the law we fully agree, and the only question of importance in this case is whether or not the circumstantial evidence was sufficient to sustain the conviction. Taking the evidence of the defense alone into consideration, a state of facts would be presented which would not sustain this conviction, and the evidence of the state, as indicated, was almost entirely circumstantial. We have examined the record carefully, and cannot but conclude that there was substantial evidence to support the verdict, and, as this court has frequently held where there is substantial evidence to support a verdict, the same will not be set aside. State v. Padilla, 18 N. M. 573, 139 Pac. 143.

There might be a graver question presented by the second objection urged by appellants, viz., that the ownership of the dead animal was not proven by the state, but the record disclosed that the complaining witness turned his cow and calf out to range on the 13th of January, and on the 14th he met the defendants with the freshly killed beef upon a canyon trail near the locality in which his

cattle were accustomed to range, and in which vicinity no other cattle than his own were ranging at the time; that after he had found the place where the beef was killed he found the cow which he had turned out with her calf the day before pawing up the ground and smelling the blood of the dead animal. His testimony as to the finding of the head and hoofs, and his statement that these correresponded to the head of his animal, together with the other circumstances which we will not incumber this opinion by referring to, but which the jury may have believed, and which would support their verdict, if believed, afford substantial evidence of ownership.

[2] For the reasons stated, we do not think the court erred in refusing to direct a verdict of not guilty, and that the verdict is supported by substantial evidence, and for that reason cannot be set aside by this court.

We therefore overrule the assignments of error, and affirm the judgment of the trial court.

ROBERTS, C. J., and PARKER, J., concur.