412 P.2d 565

STATE of New Mexico, Plaintiff-Appellee,

v.

Bobby J. BUCHANAN, Defendant-Appellant.

No. 7856.

Supreme Court of New Mexico.

March 14, 1966.

**142**

W. J. Schnedar, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Santa Fe, for appellee.

CARMODY, Chief Justice.

Defendant was charged with larceny of a diamond ring belonging to Jane Byers taken from the possession of the Chaves County sheriff's office. He appeals from judgment and sentence following his conviction by a jury.

It is first asserted that the trial court should have directed a verdict on the ground that the state's testimony was unworthy of belief and was not the substantial evidence necessary to sustain the conviction. It is conceded that there is testimony in the record which would be substantial evidence if it were worthy of belief, but defendant claims that the testimony was thoroughly impeached and that the evidence therefore failed to establish the necessary elements of the crime charged.

At the trial, defendant attempted to impeach the testimony of Jane Byers, first, by her inconsistent statements at the preliminary hearing with regard to when and to whom she gave custody of the ring while she was confined in the Chaves County jail, and, secondly, on the basis of her mental incompetency. Similarly, defendant attempted to impeach the testimony of Andrew Needham by showing felony convictions and inconsistent statements. It was Needham who testified that the defendant had admitted to him the taking of the ring belonging to Mrs. Byers from the desk of the sheriff's office.

However, this claim of error is without merit, because this court will not substitute its opinion for that of the jury. It was early determined in New Mexico that admissible testimony, however untruthful,

if it is untruthful, is proper evidence to go to the jury under proper instructions of the court, Territory v. Baca, 1903, 11 N.M. 559, 71 P. 460, and that judgment of the credibility of the witnesses and the weight to be given their testimony was the function of the jury. State v. Nuttall, 1947, 51 N.M. 196, 181 P.2d 808; State v. Lucero, 1913, 17 N.M. 484, 131 P. 491; Territory v. Baca, supra; Territory v. O'Donnell, 1887, 4 N.M. (Gild.) 196, 12 P. 743. In the Baca case, supra, the court said:

> " * * * It will not do for the court to take unto itself the power to carve out and eliminate from the consideration of the jury the competent testimony of witnesses, however untruthful or unworthy it may seem to the court. The weight to be given to the testimony and the credibility of the witnesses is the province of the jury, and of the jury alone. The court determines the admissibility of testimony, and, when admitted, it is then subject-matter for the jury's consideration, and the jury may attach such weight to the testimony as, in their judgment, it is right and proper. * * *"

The defendant next argues that his confession was improperly admitted for the reason that the corpus delicti was not proved by independent evidence. The "confession" to which he refers is defendant's statement to the witness Needham, who testifed that defendant said he (the defendant) had picked up the ring from a desk in the sheriff's office after "they forgot to put it back in the property sack." The state contends that this statement was an admission rather than a confession, and that defendant's argument therefore is to no avail.

Without deciding whether the same rules apply to material admissions as to confessions, cf. Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308; State v. Gleitsmann, 1960, 62 N.J.Super. 15, 161 A.2d 747, it is clear that a conviction cannot be sustained solely on the extrajudicial statement of the accused, Opper v. United States, supra. The corpus delicti must, at least in part, be established by some independent evidence, State v. La Rue, 1960, 67 N.M. 149, 353 P.2d 367; State v. Carter, 1954, 58 N.M. 713, 275 P.2d 847; State v. Dena, 1923, 28 N.M. 479, 214 P. 583; which, of course, may be circumstantial, State v. Sakariason, 1915, 21 N.M. 207, 153 P. 1034; State v. Chaves, 1921, 27 N.M. 504, 202 P. 694; State v. Ortega, 1932, 36 N.M. 57, 7 P.2d 943; However, a statement, when established as trustworthy, may properly be considered together with independent or corroborative evidence as proof that the crime charged was committed, see State v. Paris, 76 N.M. 291, 414 P.2d 512, March 7, 1966.

In this case, there was evidence that the ring was owned by Mrs. Byers and was relinquished by her to the jailer when she was confined in the Chaves County jail.

Defendant was then a trusty at the jail. There is evidence that defendant had the ring, identified as that belonging to Mrs. Byers, in his possession subsequent to that time, and that the defendant sold the ring to one Thorne in Chaves County.

■■■ The corpus delicti of larceny is constituted of two elements: that the property was lost by the owner, and that it was lost by a felonious taking. State v. Cason, 1917, 23 N.M. 77, 167 P. 283; State v. McKenzie, 1943, 47 N.M. 449, 144 P.2d 161. While something more than possession alone must be shown to establish the corpus delicti, State v. McKenzie, supra, we think the evidence here was sufficient to establish, by circumstantial evidence, the corpus delicti of larceny. See State v. Liston, 1921, 27 N.M. 500, 202 P. 696 and State v. Cason, supra, where the court said:

"* * * in a trial for the larceny of neat cattle evidence that tended to establish the identity of the cattle, their ownership in the person from whom their taking is charged to be larcenous by the indictment, and the possession of the cattle by the defendant is enough to make out a prima facie case of guilt and establish the corpus delicti."
Cf. State v. Paris, 76 N.M. 291, 414 P.2d 512, March 7, 1966, supra.

Therefore, it was not error to admit the statements made by the defendant to witness Needham.

■■■ Defendant next maintains that testimony of his medical witness concerning the mental condition of Mrs. Byers, tendered to impeach Mrs. Byers' credibility, was improperly excluded. Defendant had previously been permitted to bring out, on cross-examination of Mrs. Byers, the fact that she was residing in the mental hospital at Las Vegas, and that she had been in other mental institutions in previous years. In addition, the tender, concerning examinations made of Mrs. Byers nearly three years and two years before the event with which we are here concerned, was made in the presence of the jury. Testimony of the doctor could have been only cumulative, even if material in point of time. The admission or rejection of impeaching testimony going to the credibility of a witness is largely in the discretion of the trial court, State v. Gilbert, 1933, 37 N.M. 435, 24 P.2d 380; Winner v. Sharp (Fla.1949), 43 So.2d 634, and refusal to permit such testimony was not prejudicial to defendant in this case.

. ■■■ Defendant finally contends that his constitutional rights were violated by an instruction which would have permitted comment on the defendant's refusal to take the witness stand. However, there is no indication anywhere in the record, nor is it claimed, that any argument or comment was made by any party on the fact that the defendant did not testify. The controverted instruction was actually for the benefit

of the defendant as a caution to the jury that it should not indulge in any presumption against him because of his failure to testify. There having been no adverse comment by the prosecutor or the trial judge upon the failure to testify, the rule announced in Griffin v. State of California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, is not applicable.

The judgment will be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.