417 P.2d 56

STATE of New Mexico, Plaintiff-Appellee,

v.

Gilbert SANDOVAL, Defendant-Appellant.

No. 7962.

Supreme Court of New Mexico.

July 18, 1966.

Calvin R. Neumann, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Gary O. O'Dowd, Asst. Attys. Gen. Santa Fe, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

Having been charged, tried and convicted in the District Court of De Baca County with the offense of burglary the defendant was then duly charged, tried and convicted with being an habitual criminal. Following a sentence of life imprisonment, the defendant through his own efforts initiated this appeal and sought a substitution of court-appointed counsel.

The appellant based his appeal on twelve propositions, the first of which was that the court-appointed attorney was inadequate. The same trial counsel was thereafter appointed to prosecute this appeal and the appellant now concedes that this point may be ignored.

Eight of the propositions that were relied on by the appellant were also included in the brief, supported by the appellant's own notion of the law and as to the points that were intelligible, court-appointed counsel has ably supplied the law pertinent to the subject. Illustrative of the points considered by the court but not treated in this opinion is Point IX:

"That Judge Gallegos imposed sentence immediately after jury returned verdict, contrary to common law of the United States of America.

"Defendant's theory:

"'that, the first step on appeal is motion for retrial, and that judge of court did obstruct filing of this motion, in the imposition of sentence in a too hasty manner.'"

The other contentions set forth in the brief as the defendant's points relate to (1) lack of uniformity in the prosecution of the Habitual Criminal Act, (2) information inaccurately drawn, (3) no warrant was issued for the arrest of the defendant, (4) evidence introduced at the trial that had been obtained without a search warrant, (5) that the trial court did not follow the provisions of § 20–2–3, N.M.S.A.1953, (6) that photographs from the New Mexico State Penitentiary were introduced into evidence, (7) that the defendant's character was defamed by the public prosecutor in revealing the record of the defendant to the jury. None of these matters are of consequence in this appeal and are not worthy of further mention. They were included in the brief, brought to the attention of this court, and are now for all purposes laid at rest.

The three propositions briefed and argued in this court are grouped under two points. Point two complains of the trial court's instruction, "A defendant on his own request may testify in his own behalf, but his failure to testify shall create no presumption against him, although it may be the subject of comment or argument." Point five was joined with point two and complains of the comment of the district attorney upon the failure of the defendant to testify in his own behalf. This point must fail for it is not supported

by the record and we will not assume facts that do not appear in the bill of exceptions. State v. Hunter, 37 N.M. 382, 24 P.2d 251; State v. Hawkins, 25 N.M. 514, 184 P. 977. The instruction given by the trial court was substantially the same as that given in State v. Buchanan, 76 N.M. 141, 412 P.2d 565. We there stated:

" * * * The controverted instruction was actually for the benefit of the defendant as a caution to the jury that it should not indulge in any presumption against him because of his failure to testify. There having been no adverse comment by the prosecutor or the trial judge upon the failure to testify, the rule announced in Griffin v. State of California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, is not applicable."

We find that points two and five are unworthy of further comment.

It is next urged that the imposition of a life sentence was improper because the appellant states that he did not have the assistance of counsel in one of the earlier felony convictions included in the habitual criminal charge. This objection was not presented before the trial court. The record is wholly silent on the point. We will not speculate on whether there was a denial of the constitutional right to the assistance of counsel, or a waiver of the right. Neither will we ignore Supreme Court Rule 20(1), (§ 21–2–1(20) (1), N.M.S.A.1953). See also Batchelor v. Charley, 74 N.M.

717, 398 P.2d 49, and other cases cited therein.

We would conclude this case at this point except for the appellant's unwarranted appraisal of the ability of court-appointed counsel and the despicable comment made by the appellant to the trial court. We would remind habitual felons that the function of an attorney appointed or employed is to see that the cloak of lawful rights is not violated. He is not expected to fashion the proverbial sheep's clothing.

The judgment is affirmed. It is so ordered.

CARMODY, C. J., CHAVEZ, and COMPTON, JJ., and LaFEL OMAN, Judge, Court of Appeals, concur.