455 P.2d 837

STATE of New Mexico, Plaintiff-Appellee,

v.

Gilbert SANDOVAL, Defendant-Appellant.

No. 8790.

Supreme Court of New Mexico.

June 16, 1969.

Calvin R. Neumann, Clovis, for appellant.

James A. Maloney, Atty. Gen., Robert J. Laughlin, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Chief Justice.

Petitioner, Gilbert Sandoval, seeks by a Rule 93 petition (§ 21–1–1(93), N.M.S.A. 1953, Supp. 1967) to have an enhanced sentence of life imprisonment, following his conviction of burglary and proof of three prior felony convictions, set aside because of asserted comments by the district attorney concerning the defendant's failure to testify in his own behalf.

Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, holds that the Federal Constitution forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt. This petitioner appealed his conviction, State v. Sandoval, 76 N.M. 570, 417 P.2d 56, asserting error by reason of comment by the district attorney on his failure to testify. No record was made of the arguments of counsel. We, accordingly, denied his contention as being unsupported by the record. He now asserts two grounds for relief by his Rule 93 motion, (1) that his sentence under § 40A–29–5 through § 40A–29–8, N.M.S.A. 1953, is discriminatory and violates the equal protection clause of the Constitution, and (2) that his conviction and sentence must be vacated because of comments by the district attorney on the defendant's failure to testify.

Petitioner's contention that the habitual criminal act is discriminatory and in violation of the equal protection clause of the Constitution was ruled against him in State v. Baldonado, 79 N.M. 175, 441 P.2d 215 (Ct. App. 1968).

After a hearing on the motion for post-conviction relief, the judge, who presided during defendant's trial, determined that the evidence presented at the

hearing was not sufficient to establish any comment by the district attorney which infringed upon the defendant's constitutional right not to testify in his own behalf. In State v. Chavez, 78 N.M. 446, 432 P.2d 411, we said that the trial court—not the appellate court—is the judge of the credibility of the witnesses and of the weight to be given evidence at a hearing for post-conviction relief. We also said that the petitioner has the burden of establishing his claims. Our review of the record of the post-conviction hearing convinces us that the evidence of any comment made by the district attorney concerning defendant's failure to testify is, to say the least, very unsatisfactory.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON and WATSON, JJ., concur.