Gilbert **SANDOVAL**, Petitioner-
Appellant,

v.

Felix **RODRIGUEZ**, Respondent-
Appellee.

No. 71–1547.

United States Court of Appeals,
Tenth Circuit.

June 22, 1972.

Frank H. Allen, Jr., Albuquerque, N.
M., for petitioner-appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen.
(David Norvell, Atty. Gen., on the
brief), for respondent-appellee.

Before SETH and McWILLIAMS,
Circuit Judges, and CHRISTENSEN*,
District Judge.

McWILLIAMS, Circuit Judge.

This is a 28 U.S.C. § 2254 proceeding
wherein Sandoval, a state prisoner,
brought an action against Rodriguez, the
Warden of the New Mexico State Peni-
tentiary. Sandoval was at the time
serving a life sentence in the New Mexi-
co State Penitentiary for the crime of
burglary, the sentence having been im-
posed under the state's habitual criminal
statute.

More specifically, Sandoval was con-
victed by a jury of burglary on January
21, 1965. Under the New Mexico habit-
ual criminal statute he was then charged
by separate information with having

* Of the District of Utah, sitting by designation.

suffered three prior felony convictions, all in Curry County, New Mexico. Trial by jury on the habitual criminal counts took place on April 26, 1965, and resulted in jury verdicts that Sandoval had in fact been previously convicted of felonies on three separate occasions. The two grounds now relied on by Sandoval in seeking federal habeas corpus relief relate to his trial as an habitual criminal, and not, as such, to his burglary trial. They are: (1) the giving of an improper instruction concerning Sandoval's failure to testify, and (2) improper comment made by the prosecuting attorney in closing argument concerning Sandoval's election not to testify in his own behalf.

The instruction about which Sandoval complains reads as follows:

"A defendant on his own request may testify in his own behalf, but his failure to testify shall create no presumption against him although it may be the subject of comment or argument."

On direct appeal of his conviction, the New Mexico Supreme Court affirmed and in so doing held that the aforesaid instruction did not violate Sandoval's Fifth Amendment rights. Closing argument of counsel not having been recorded, the New Mexico Supreme Court held that Sandoval's charge of improper comment by the prosecuting attorney simply did not find support in the record as thus made. State v. Sandoval, 76 N.M. 570, 417 P.2d 56 (1966).

Sandoval then sought post-conviction relief in the New Mexico state courts. In that proceeding, he did not again raise the issue concerning the instruction given on his failure to testify. He did raise, however, the issue of improper closing argument by the prosecuting attorney. The state trial court thereupon held an evidentiary hearing into this particular matter, with Sandoval testifying that he did not recall any comment by the prosecuting attorney on the fact that he had failed to testify. However, in this regard, Sandoval's counsel brought out that Sandoval had been suffering from memory lapses. Counsel then took the witness stand and testified that although he could not recall the exact language used, he did recall that the prosecuting attorney had made comment on the fact that Sandoval had not testified. The prosecuting attorney in question testified in turn that he did not recall making any such comment. Based on such testimony, the state trial court found Sandoval had failed to support his claim of improper closing argument and, on appeal, this judgment was affirmed. State v. Sandoval, 80 N.M. 333, 455 P.2d 837 (1969).

With his case in this posture, Sandoval then brought the present proceeding in the United States District Court for the District of New Mexico. Relying on Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), Sandoval claims that the giving of the instruction set out above violated his Fifth Amendment rights and he again claims the the prosecuting attorney had made constitutionally impermissible comment on his failure to testify. As concerns the matter of the instruction, the trial court held that because he had not raised the matter in the state court in his post-conviction proceeding, Sandoval had failed to exhaust his state remedies. As concerns the issue of improper closing argument, the trial court declined to hold an evidentiary hearing, being of the view that the state court had conducted a full and fair hearing into the matter and that the state trial court's finding of no improper comment was supported by the record. Accordingly, the trial court dismissed Sandoval's petition, and he now appeals.

■ In our view, the trial court erred in refusing to hear on the merits Sandoval's claim that the giving of the instruction on his failure to testify violated his Fifth Amendment rights and in summarily dismissing the same, even though it be without prejudice, on the ground that Sandoval had not exhausted his state remedies in that he failed to raise the particular matter in his state post-conviction proceeding. In the re-

cent case of Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), it was held that once the substance of a federal habeas corpus claim has been "fairly presented" to the state courts, the exhaustion requirement has been satisfied. In the instant case, on the direct appeal the issue as to whether Sandoval's Fifth Amendment rights had been violated by the giving of the instruction on his failure to testify was "fairly presented," and the New Mexico Supreme Court, citing State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966), held that there was no such violation. To require Sandoval to relitigate the same issue through the New Mexico state courts a second time would be a completely useless requirement. It is to be emphasized that this is not the type of an issue where an evidentiary hearing in a post-conviction proceeding could conceivably develop the facts more fully. On the contrary, there are no facts to be developed and the issue is purely one of law, i. e., does the instruction violate rights guaranteed Sandoval by the United States Constitution? Accordingly, we do not believe the instant case to be governed by such cases as Brown v. Crouse, 395 F.2d 755 (10th Cir. 1968), and Omo v. Crouse, 395 F.2d 757 (10th Cir. 1968). Rather, the reasoning of Chavez v. Baker, 399 F.2d 943 (10th Cir. 1968), cert. denied, 394 U.S. 950, 89 S. Ct. 1289, 22 L.Ed.2d 485 (1969), is more appropriate. There, we held that where a state prisoner's habeas corpus petition raises no factual issues, and the legal issues have all been considered and rejected by the highest court of the state in a direct appeal, a prisoner would not be denied a federal habeas corpus hearing simply because he had not re-presented the same issues in the state court in a post-conviction proceeding. For these reasons we conclude that the trial court erred in holding that Sandoval had failed to exhaust his state judicial remedies. However, the issue being purely one of law, under the reasoning of *Chavez*, we need not remand the matter to the trial court for a consideration of the matter on its merits. Rather, the matter is in a position to be determined by us, now.

We agree with the New Mexico Supreme Court that the instruction given in the instant case does not violate the Fifth Amendment. State v. Sandoval, 76 N.M. 570, 417 P.2d 56 (1966). The command of Griffin v. California, *supra*, is that the "Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." The instruction here given is not nearly as strong as the instruction in *Griffin*, and is not subject to the interpretation that Sandoval's "silence was evidence of guilt." On the contrary, the instruction expressly declared that Sandoval's failure to testify should create no presumption against him. And the fact that the instruction went on to state that the failure to testify could be the subject of comment did not, particularly where there was no comment, render the instruction itself constitutionally objectionable. In short, the instruction here given does not amount to a declaration by the trial court that a failure to testify is evidence of guilt. Nor can the giving of the instruction in itself be interpreted as being comment by the court upon Sandoval's failure to testify.

The other issue raised on appeal concerns allegedly improper comment by the prosecuting attorney in his closing argument. As indicated, the state trial court in the post-conviction proceeding did hold an evidentiary hearing into the matter and took testimony from all interested parties, at which time Sandoval testified that he did not recall any improper comment. His counsel recalled some form of what he deemed to be improper comment about the fact that Sandoval had failed to testify, though he understandably could not recall the exact words used. We would parenthetically note that it would appear to us that in determining whether a prosecuting at-

**1100**

torney has made improper comment to a jury, it is important to know, if possible, exactly what was said. Continuing then, the prosecuting attorney testified that as he recalled it, he had made no comment whatsoever on Sandoval's failure to testify. It was on this state of the record that the New Mexico trial court found that Sandoval had failed to prove his claim of improper closing comment. Our study of the record made before the New Mexico trial court in the post-conviction proceeding leads us to conclude that the hearing was a full and fair one, and that its factual determination is supported by the record. In such circumstances, the determination by the state court "shall be presumed correct," subject to certain exceptions, none of which is present in the instant case. 28 U.S.C. § 2254(d). *See also* Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963). Accordingly, we reject Sandoval's suggestion that he is entitled to an evidentiary hearing in the federal district court because he did not receive a full and fair hearing into the matter in the state post-conviction proceeding.

 Additionally, we are of the firm view that even assuming arguendo that the instruction given violates the Fifth Amendment, and that the prosecuting attorney made unconstitutional comment on Sandoval's failure to testify, under the circumstances of the case, these errors would not require reversal. In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), it was recognized that the giving of an improper instruction concerning a defendant's failure to testify and improper comment by the state's attorney on such failure to testify might, depending of course on the facts and circumstances of the case at hand, "be deemed harmless error, not requiring the automatic reversal of the conviction." The court further ruled that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

In the instant case, we are only concerned with events occurring at Sandov-

al's trial on the habitual criminal counts. We are not concerned with Sandoval's burglary trial, as such. By means of certified court records, sentencing records, and prison records, the state established that Sandoval had indeed suffered three prior felony convictions, all in Curry County, New Mexico. Additionally, various representatives of the Curry County Sheriff's office testified that they were long acquainted with Sandoval and that one or more of them had been present in court when Sandoval suffered such prior convictions. No evidence was offered by Sandoval that he was not the individual who had theretofore suffered three prior felony convictions in Curry County. In such setting, we are convinced beyond a reasonable doubt that any possible error in regard to the matters thus raised is only harmless error.

Judgment affirmed.