This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 35,482**

**MARVIN PACHECO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

**{1}** Defendant Marvin Pacheco appeals from his convictions after a jury trial of shoplifting ($250 or less) and assault, both petty misdemeanors. In this Court's notice of proposed disposition, we proposed to affirm. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded and therefore affirm Defendant's convictions.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his convictions. [DS 4; MIO 2-4] In our calendar notice, we proposed to hold that there was sufficient evidence to support Defendant's conviction for shoplifting ($250 or less) because there was evidence presented at trial that Defendant took a CL10 Self-Leveling 360-Degree Bosch Laser, priced at $229.00, from a shelf at Home Depot, placed the item into a shopping cart, removed the security spider wrap and packaging from the item, and walked with an unidentified male pushing the shopping cart with the laser past the cash registers on the date in question. [CN 2-4] Likewise, we proposed to hold that there was sufficient evidence to support Defendant's conviction for assault because there was evidence presented at trial that Mike Caes, a loss prevention officer at Home Depot, attempted to apprehend Defendant, and as Defendant and Caes struggled, they fell to the ground, and Defendant attempted to punch Caes twice. [CN 2-4]

{3} Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant argues that the State failed to prove that he had the specific intent to commit each crime. [MIO 3-4] He asserts that he did not push the shopping cart past the cash registers; the jury was not instructed on a theory of accessory liability; the State did not charge Defendant with conspiracy, "signaling that it is unclear whether the men were acting together to steal merchandise"; and "he did not intentionally throw punches to [Caes's] face, but rather, was reacting to the evolving physical nature of the situation." [MIO 3-4] We are not persuaded by these arguments. As Defendant acknowledges [MIO 4], the jury was free to reject his version of what happened. *See State v. Buchanan*, 1966-NMSC-045, ¶ 4, 76 N.M. 141, 412 P.2d 565 (providing that an appellate court "will not substitute its opinion for that of the jury" and the "judgment of the credibility of the witnesses and the weight to be given their testimony was the function of the jury"); *State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (providing that conflicts in the evidence, including conflicts in the testimony of witnesses are to be resolved by the factfinder; stating that the factfinder is free to reject the defendant's version of events).

{4} Because the State presented evidence of every element of the crimes charged and a reasonable jury could have found, beyond a reasonable doubt, that Defendant committed those crimes, we conclude that there was sufficient evidence to support Defendant's convictions.

{5} For the reasons stated in our notice of proposed disposition and herein, we affirm.

{6} **IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**


_____

**J. MILES HANISEE, Judge**