This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41005**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**PETE EVANS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**James B. Foy, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**    Defendant appeals the district court's judgment and sentence, convicting him of unlawful taking of a motor vehicle, pursuant to a plea agreement. We issued a notice proposing to summarily affirm. Defendant has responded with a memorandum in opposition to our notice. After due consideration, we are unpersuaded that Defendant has demonstrated error and affirm.

**{2}**    On appeal, Defendant contends that his plea was not knowing and voluntary, due to the effective assistance of counsel, and, therefore, the district court erred by denying

his motion to withdraw the plea. [MIO 4-9] Defendant's memorandum in opposition corrects some deficiencies in the docketing statement by providing a more comprehensive explanation of the operative facts. However, Defendant does not persuade this Court that our proposed analysis was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain persuaded that the record does not support Defendant's contentions about his plea or counsel's performance. *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment." (internal quotation marks and citation omitted)); *State v. Sandoval*, 1966-NMSC-143, ¶ 5, 76 N.M. 570, 417 P.2d 56 (refusing to assume facts that do not appear in the record in order to address an allegation of error on appeal). Defendant's arguments are more appropriately pursued in post-judgment proceedings where he may develop the necessary record. *See, e.g.*, *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]").

{3}     Accordingly, for the reasons stated in this Court's notice of proposed disposition and herein, we affirm.

{4}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**